# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00357-CV

**K. E. P., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
## NO. D-1-FM-14-006547, HONORABLE TIM SULAK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Soon after appellant K.E.P. gave birth to twins A.P. and L.P., the babies showed signs of addiction to and withdrawal from opiates. The Texas Department of Family and Protective Services sought and obtained conservatorship over the babies, and K.E.P. complied with most of the requirements imposed on her throughout the proceeding. However, the Department twice attempted to return the babies to her care, but those reunification attempts failed when K.E.P. tested positive for drug use on several occasions. The Department then changed its plan from reunification to termination. Following a bench trial, in which witnesses testified about K.E.P.'s efforts to comply with the Department's requirements, her bonding with and love for the children, the children's health and needs at birth and their progress in their foster home, and K.E.P.'s use of prescription drugs and use of illegal drugs during the proceeding, the court signed an order terminating her parental rights. *See* Tex. Fam. Code § 161.001(b)(1)(D), (E), (P), (2).

K.E.P.'s appellate attorney has filed a brief concluding that the appeal is frivolous and without merit.[1] Counsel asserts that he "has conducted a diligent review of the trial court's record" and that he has not found any non-frivolous issues that might support reversal. *See Anders v. California*, 386 U.S. 738, 743-44 (1967); *Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646-47 (Tex. App.—Austin, pet. denied). Although he provides only cursory discussion, counsel does briefly summarize how the evidence is sufficient to support termination and asserts that he has determined that the trial court's various rulings were correct or were not harmful to K.E.P.[2] Counsel also certified that he sent K.E.P. a copy of the brief via certified mail and that he would "continue to reach out to her and offer time to review the record and explain my evaluation of the evidence." To date, K.E.P. has not filed a pro se brief, informed the Court that she wishes to file such a brief, or otherwise communicated with the Court.

We have independently reviewed the entire record, including the evidence presented to the trial court and the procedures that were observed. *See S.R., III v. Texas Dep't of Family & Protective Servs.*, No. 03-16-00366-CV, 2016 WL 3917189, at *1 (Tex. App.—Austin July 14, 2016, no pet. h.) (mem. op.). We agree with counsel that the appeal is frivolous and without merit. We

---

[1] It is appropriate in a parental termination case to file a brief asserting that the appeal is frivolous. *In re P.M.*, No. 15-0171, __ S.W.3d __, 2016 WL 1274748, at *3 (Tex. Apr. 1, 2016); *Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646-47 & n. 4 (Tex. App.—Austin 2005, pet. denied).

[2] As we explained in *Taylor*, the *Anders* procedure, applied in criminal cases involving court-appointed attorneys, applies to a termination proceeding in which court-appointed counsel carefully reviews the record and determines that the appeal is "wholly frivolous and without merit." 160 S.W.3d at 646 n.4. In such a case, the attorney "must so advise the appellate court and then set forth any potential points of error and applicable law that might arguably support the appellant's position." *Id.*

affirm the trial court's final decree terminating K.E.P.'s parental rights.  We deny counsel's motion

to withdraw.**³**



David Puryear, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed

Filed:  August 12, 2016

---

**³** In *In re P.M.*, the Texas Supreme Court held that the right to counsel in suits seeking the termination of parental rights extends to "all proceedings in [the Texas Supreme Court], including the filing of a petition for review."  2016 WL 1274748, at *3.  Thus, counsel's obligation to K.E.P. has not yet been discharged. *See id.*  If K.E.P., after consulting with counsel, desires to file a petition for review, counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief."  *See id.*