# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-17-00559-CV

**I. R., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT
### NO. D-1-FM-16-000877, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

I.R. appeals from the trial court's order terminating her parental rights to her minor child.[1]  *See* Tex. Fam. Code § 161.001.  Following a trial, the trial court found by clear and convincing evidence that statutory grounds for terminating I.R.'s parental rights existed and that termination was in the child's best interest.  *See id.* § 161.001(b)(1)(D), (E), (N), (O), (2).

On appeal, I.R.'s court-appointed attorney has filed a motion to withdraw and a brief concluding that the appeal is frivolous and without merit.  *See Anders v. California*, 386 U.S. 738, 744 (1967); *Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646–47 (Tex. App.—Austin 2005, pet. denied) (applying *Anders* procedure in appeal from termination of parental rights).  The brief meets the requirements of *Anders* by presenting a professional evaluation of the

---

[1]  We refer to the mother by her initials only.  *See* Tex. Fam. Code § 109.002(d); Tex. R. App. P. 9.8.

record demonstrating why there are no arguable grounds to be advanced on appeal. *See* 386 U.S. at 744; *Taylor*, 160 S.W.3d at 646–47. I.R.'s counsel has certified to this Court that she provided appellant with a copy of the *Anders* brief and motion to withdraw as counsel and informed her of her right to examine the appellate record and to file a pro se brief. The Department of Family and Protective Services has filed a response to the *Anders* brief waiving its right to file an appellee's brief unless it deems a brief necessary after review of any pro se brief filed by I.R. To date, I.R. has not filed a pro se brief.

Upon receiving an *Anders* brief, we must conduct a full examination of all of the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record, including the *Anders* brief submitted on I.R.'s behalf, and have found nothing that would arguably support an appeal. We agree that the appeal is frivolous and without merit. Accordingly, we affirm the trial court's order terminating I.R.'s parental rights. We deny counsel's motion to withdraw.[2]

---

[2] *See In re P.M.*, 520 S.W.3d 24 (Tex. 2016) (per curiam). In *In re P.M.*, the Texas Supreme Court held that the right to counsel in suits seeking the termination of parental rights extends to "all proceedings in [the Texas Supreme Court], including the filing of a petition for review." *Id.* at 27. Accordingly, counsel's obligation to I.R. has not yet been discharged. *See id.* If I.R., after consulting with counsel, desires to file a petition for review, counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *See id.* at 27–28.

_____

Melissa Goodwin, Justice

Before Chief Justice Rose, Justices Pemberton and Goodwin

Affirmed

Filed:   November 1, 2017