# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00136-CV

**B. N. V. P., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
### NO. D-1-FM-16-003035, HONORABLE DARLENE BYRNE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant B.N.V.P. appeals from the trial court's final order terminating her parental rights to her three children. *See* Tex. Fam. Code § 161.001. Following a bench trial, the trial court entered judgment in accordance with its finding by clear and convincing evidence that statutory grounds existed for terminating B.N.V.P.'s parental rights and that termination was in the children's best interest. *See id*. § 160.001(b)(1)(O), (2).

B.N.V.P.'s court-appointed counsel has filed a brief concluding that the appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 744 (1967) (if court-appointed counsel determines appeal is wholly frivolous, he should advise court, request permission to withdraw, and file brief referring to anything in record that might arguably support appeal); *In re P.M.*, 520 S.W.3d 24, 27 & n.10 (Tex. 2016) (per curiam) (approving use of *Anders* procedure in appeals from termination of parental rights because it "strikes an important balance between the

defendant's constitutional right to counsel on appeal and counsel's obligation not to prosecute frivolous appeals" (cleaned up)). The brief meets the requirements of *Anders* by presenting a professional evaluation of the record demonstrating that there are no arguable grounds for reversal to be advanced on appeal. *See* 386 U.S. at 744; *Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646–47 (Tex. App.—Austin 2005, pet. denied) (applying *Anders* procedure in parental-termination case). B.N.V.P.'s counsel has certified to this Court that he provided B.N.V.P. with a copy of the brief, informed her of her right to file a pro se brief, and provided her with a copy of the record. The Department did not file a brief in response, and no pro se brief has been filed to date.

We have conducted a full examination of all of the proceedings to determine whether the appeal is wholly frivolous, as we must when presented with an *Anders* brief. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988). After reviewing the record and the *Anders* brief, we find nothing in the record that would arguably support an appeal. We agree with B.N.V.P.'s counsel that the appeal is frivolous and without merit, and we therefore affirm the order terminating B.N.V.P.'s parental rights. We deny counsel's motion to withdraw, included within the brief.[1]

---

[1] The Texas Supreme Court has held that the right to counsel in suits seeking the termination of parental rights extends to "all proceedings in [the Texas Supreme Court], including the filing of a petition for review." *In re P.M.*, 520 S.W.3d 24, 27-28 (Tex. 2016) (per curiam). Accordingly, counsel's obligation to B.N.V.P. has not yet been discharged. *See id.* If after consulting with counsel B.N.V.P. desires to file a petition for review, counsel should timely file with the supreme court "a petition for review that satisfies the standards for an *Anders* brief." *See id.*

_____

Cindy Olson Bourland, Justice

Before Justices Puryear, Pemberton, and Bourland

Affirmed

Filed:   August 2, 2018