

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-18-00306-CV

**IN THE INTEREST OF S.R.**, L.R., and C.J., Children

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2017PA01218
Honorable Richard Garcia, Associate Judge Presiding

Opinion by:  Luz Elena D. Chapa, Justice

Sitting:  Karen Angelini, Justice
Marialyn Barnard, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  September 26, 2018

MOTION TO WITHDRAW DENIED; AFFIRMED

The Texas Department of Family and Protective Services filed this suit, seeking to terminate the rights of the parents of the children S.R., L.R., and C.J.[1] The record reflects the father of S.R. and L.R. was determined to be deceased. After a trial to the bench, the court designated A.L., the paternal grandfather of S.R. and L.R., to be their permanent managing conservator; named C.J.'s father, C.J., his permanent managing conservator; designated the children's mother, E.R., a possessory conservator of all three children; and dismissed the Department from the case. E.R. timely appealed the trial court's order.

---

[1] To protect the identity of the minor children, we refer to the parties by their initials. *See* TEX. FAM. CODE ANN. § 109.002(d) (West Supp. 2017); TEX. R. APP. P. 9.8.

Appellant's court-appointed appellate attorney filed a brief in which he concluded there are no non-frivolous issues to be raised on appeal. Counsel certified that he sent E.R. a copy of the brief and a letter advising her of his conclusion and of her rights to review the record and to file a pro se brief. Counsel's letter also provided E.R. a form to use to request access to the record and enclosed a copy of counsel's motion to withdraw, which counsel stated he had filed. Counsel subsequently filed a motion to withdraw in this court.

The brief minimally meets the requirements of *Anders v. California*, 386 U.S. 738 (1967). *See In re P.M.*, 520 S.W.3d 24, 27 n.10 (Tex. 2016) (stating that Anders procedures protect indigent parents' statutory right to counsel on appeal in parental rights termination cases and apply in those cases). Appellant did not request access to the appellate record, and this court then set a deadline for appellant to file a pro se brief. Appellant did not file a pro se brief.

We have thoroughly reviewed the record and the attorney's *Anders* brief, and we agree with counsel that the appeal is without merit. *See Interest of K.S.L.*, 538 S.W.3d 107, 112 (Tex. 2017). We therefore affirm the trial court's order. However, we deny counsel's motion to withdraw because the motion does not assert any ground for withdrawal apart from counsel's conclusion that the appeal is frivolous. *See In re P.M.*, 520 S.W.3d at 27; *In re A.M.*, 495 S.W.3d 573, 583 (Tex. App.—Houston [1st Dist.] 2016, pet. denied). Counsel's duty to his client extends through the exhaustion or waiver of all appeals, including the filing of a petition for review in the Texas Supreme Court. *See* TEX. FAM. CODE ANN. § 107.016(2) (West 2014); *In re P.M.*, 520 S.W.3d at 27.

Luz Elena D. Chapa, Justice