

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-18-00423-CV

**IN THE INTEREST OF A.T.H.**, a Child

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2017-PA-01435
Honorable Richard Garcia, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Rebeca C. Martinez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  November 7, 2018

MOTION TO WITHDRAW DENIED; AFFIRMED

The Texas Department of Family and Protective Services filed this suit, seeking termination of the parent-child relationship between the child A.T.H. and his mother, E.H.[1]  After a trial to the bench, the court found five independent grounds[2] to terminate E.H.'s rights and found that termination was in A.T.H.'s best interest.  The trial court signed a termination order and designated the Department to be the child's permanent managing conservator.  E.H. timely appealed the trial court's order.

---

[1] To protect the identity of the minor child, we refer to the parties by their initials.  *See* TEX. FAM. CODE § 109.002(d); TEX. R. APP. P. 9.8.
[2] TEX. FAM. CODE § 161.001(b)(1)(M) (prior termination of parental rights pursuant to (D) or (E) for endangering child); (N) (constructive abandonment); (O) (failure to comply with court ordered services); (P) (used controlled substance and failed to completely address issue); and (R) (was cause of child being born addicted to illegally obtained controlled substance).

Appellant's court-appointed appellate attorney filed a brief in which he concluded there are no non-frivolous issues to be raised on appeal. *See Anders v. California*, 386 U.S. 738 (1967); *In re P.M.*, 520 S.W.3d 24, 27 n.10 (Tex. 2016) (stating that *Anders* procedures protect indigent parents' statutory right to counsel on appeal in parental rights termination cases and apply in those cases). Counsel certified that he sent E.H. a copy of the brief and a letter advising her of her rights to review the record and to file a *pro se* brief. Counsel also provided E.H. a form to use to request access to the record. In addition, counsel filed a motion to withdraw. This court issued an order setting deadlines to request access to the record and to file a *pro se* brief and holding the motion to withdraw in abatement. Appellant did not request access to the appellate record or file a *pro se* brief.

We have thoroughly reviewed the record and the attorney's *Anders* brief. The record establishes by clear and convincing evidence at least one of the grounds for termination and that termination is in A.T.H.'s best interest. *See* TEX. FAM. CODE § 161.001; *In re J.O.A.*, 283 S.W.3d 336, 344-45 (Tex. 2009); *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). Upon a thorough review of the record, we conclude the evidence is legally and factually sufficient to support the termination order and there are no other arguably meritorious grounds for appeal. Therefore, we affirm the trial court's termination order.

Counsel filed a motion to withdraw in conjunction with his *Anders* brief. We deny counsel's motion to withdraw because it does not assert any ground for withdrawal apart from counsel's conclusion that the appeal is frivolous. *See In re P.M.*, 520 S.W.3d at 27; *In re A.M.*, 495 S.W.3d 573, 583 (Tex. App.—Houston [1st Dist.] 2016, pet. denied). Counsel's duty to his client extends through the exhaustion or waiver of all appeals, including the filing of a petition for review in the Texas Supreme Court. *See* TEX. FAM. CODE § 107.016(3); *In re P.M.*, 520 S.W.3d at 27. After this court has rendered its decision, appointed counsel's obligations to his client may

be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief. *In re P.M.*, 520 S.W.3d at 27-28 & n.14.

Luz Elena D. Chapa, Justice