# IN THE SUPREME COURT OF TEXAS

══════════
No. 15-0171
══════════

IN THE INTEREST OF P.M., A CHILD

═══════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE SECOND DISTRICT OF TEXAS
═══════════════════════════════════════════════

**PER CURIAM**

Section 107.013(a) of the Texas Family Code[1] provides that "[i]n a suit filed by a governmental entity . . . in which termination of the parent-child relationship . . . is requested, the court shall appoint an attorney ad litem to represent the interests of . . . an indigent parent . . . ." The issue before us is whether this right to appointed counsel extends to proceedings in this Court, including the filing of a petition for review. We hold that it does and direct the trial court to appoint counsel for petitioner (hereinafter, "mother").

The proceedings in this case have been extensive. There have been two trials and two appeals, the clerk's record is over 1,100 pages, and the reporter's record is thirty-six volumes. To fully explain the circumstances and issues involved in the case, we attach the court of appeals' memorandum opinions. For present purposes, we briefly describe the procedural background of the case and then focus on the involvement and withdrawal of counsel.

---

[1] All statutory references are to the Texas Family Code unless otherwise noted.

The case began in 2011, when the Department of Family and Protective Services sued to terminate mother's relationship with her then five-year-old daughter because of mother's alleged use of methamphetamine and abuse by the child's father. After a bench trial, the court ordered termination, finding that mother had endangered her daughter and that termination was in the child's best interest.[2] The court of appeals concluded that mother had been improperly denied a jury and reversed and remanded for a new trial.[3] In the second trial, the jury found, as the court had before, that mother had endangered her daughter and that termination of the parental relationship was in the child's best interest. On a second appeal, the court of appeals affirmed.[4]

Attorneys appointed by the trial court represented mother through both trials and appeals, before the attorney in the second appeal moved to withdraw. The court of appeals abated the case and referred the motion to the trial court for a hearing to determine whether there was good cause for withdrawal and whether new counsel should be appointed. Mother and the lawyer both told the trial court that they did not want their relationship to continue. Without giving a reason, the trial court recommended that the lawyer be allowed to withdraw. The trial court's only findings were that mother remained indigent and still wished to pursue her appeal. Based on the trial court's recommendation and the record of the hearing, the court of appeals granted the motion to withdraw with an opinion explaining that the lawyer "expressed displeasure with her continued representation"

---

[2] *See* TEX. FAM. CODE § 161.001(1)(D), (E), (2).

[3] *In re P.L.G.M.*, No. 02-13-00181-CV, 2013 WL 5967037, at *5 (Tex. App.—Fort Worth Nov. 7, 2013, no pet.) (mem. op.) [Appendix A].

[4] *In re P.M.*, No. 02-14-00205-CV, 2014 WL 8097064, at *34 (Tex. App.—Fort Worth Dec. 31, 2014) (mem. op.) [Appendix B].

of mother. Neither the trial court nor the court of appeals appears to have considered whether new counsel should be appointed. Mother moved the court of appeals for appointment of counsel, but the court of appeals simply transferred that motion to this Court.

In this Court, mother's counsel moved for an extension of time to file a petition for review but reasserted her motion to withdraw, stating that she was "unable to effectively communicate with [mother] to such a degree that further representation . . . is not possible," and adding that mother had "expressed on the record her desire" that the representation not continue. Mother reasserted her motion for appointment of new counsel. We abated the case to consider the issue of mother's right to counsel.

Section 107.013(a)(1) states:

> In a suit filed by a governmental entity . . . in which termination of the parent-child relationship or the appointment of a conservator for a child is requested, the court shall appoint an attorney ad litem to represent the interests of . . . an indigent parent of the child who responds in opposition to the termination or appointment . . . .

Section 107.013(e) adds that "[a] parent who the court has determined is indigent for purposes of this section is presumed to remain indigent for the duration of the suit and any subsequent appeal" absent changed circumstances. Section 107.016(2) provides that appointed counsel continues to serve in that capacity until the earliest of:

> (A)     the date the suit affecting the parent-child relationship is dismissed;
>
> (B)     the date all appeals in relation to any final order terminating parental rights are exhausted or waived; or
>
> (C)     the date the attorney is relieved of the attorney's duties or replaced by another attorney after a finding of good cause is rendered by the court on the record.

Together, these provisions establish the right of an indigent parent to appointed counsel in the trial court and court of appeals.

We have not addressed whether a right to counsel on appeal includes a right to counsel to bring a petition for review in this Court. But we have indicated generally, in other contexts, that exhaustion of appeals includes review sought in this Court.[5] A few statutes appear to take the same view.[6] We see no reason to depart from that view here. To the contrary, the right to counsel is as important in petitioning this Court for review, and in our considering the issues, as in appealing to the court of appeals.

Accordingly, we hold that the right to counsel under Section 107.013(a)(1) through the exhaustion of appeals under Section 107.016(2)(B) includes all proceedings in this Court, including

---

[5] *E.g.*, *Tex. Beef Cattle Co. v. Green*, 921 S.W.2d 203, 208 (Tex. 1996) (holding that "an underlying civil suit has not terminated in favor of a malicious prosecution plaintiff until the appeals *process* for that underlying suit has been exhausted" (emphasis added), and citing RESTATEMENT (SECOND) OF TORTS § 674 cmt. j (1977) ("If an appeal is taken, the proceedings are not terminated until the final disposition of the appeal and of any further proceedings that it may entail.")); *Apex Towing Co. v. Tolin*, 41 S.W.3d 118, 119 (Tex. 2001) ("When an attorney commits malpractice in the prosecution or defense of a claim that results in litigation, the statute of limitations on a malpractice claim against that attorney is tolled until all appeals on the underlying claim are exhausted or the litigation is otherwise finally concluded."); *Underkofler v. Vanasek*, 53 S.W.3d 343, 345–46 (Tex. 2001) (citing *Apex Towing*, 41 S.W.3d at 121); *In re Long*, 984 S.W.2d 623, 626 (Tex. 1999) (per curiam) (an injunction superseded by the district clerk automatically, by filing a notice of appeal, was not enforceable by contempt until all appeals related to the judgment were exhausted, including the denial of an application for writ of error brought by the party seeking contempt sanctions).

[6] *E.g.*, TEX. BUS. ORG. CODE § 8.102(c) ("A governing person, former governing person, or delegate is considered to have been found liable in relation to a claim, issue, or matter only if the liability is established by an order, including a judgment or decree of a court, and all appeals of the order are exhausted or foreclosed by law."); TEX. FAM. CODE § 51.095(c) ("An electronic recording of a child's statement . . . shall be preserved until all juvenile or criminal matters relating to any conduct referred to in the statement are final, including the exhaustion of all appeals, or barred from prosecution."); *see also* TEX. CIV. PRAC. & REM. CODE § 34.074(c) ("[A prevailing party's action against a surety] must be brought on or before 180 days after the date all appeals are exhausted in the underlying action."); TEX. EDUC. CODE § 51.909(b) ("In this section, a person is finally convicted if the conviction has not been reversed on appeal and all appeals, if any, have been exhausted."). *But see* TEX. CODE CRIM. PROC. art. 1.051(d)(2) ("An eligible indigent defendant is entitled to have the trial court appoint an attorney to represent him in the following appellate and postconviction habeas corpus matters: . . . (2) an appeal to the Court of Criminal Appeals if the appeal is made directly from the trial court or if a petition for discretionary review has been granted . . . .").

the filing of a petition for review. Once appointed by the trial court, counsel should be permitted to withdraw only for good cause[7] and on appropriate terms and conditions.[8] Mere dissatisfaction of counsel or client with each other is not good cause. Nor is counsel's belief that the client has no grounds to seek further review from the court of appeals' decision. Counsel's obligation to the client may still be satisfied by filing an appellate brief meeting the standards set in *Anders v. California*,[9] and its progeny.[10] In light of our holding, however, an *Anders* motion to withdraw brought in the court of appeals, in the absence of additional grounds for withdrawal, may be premature.[11] Courts have a duty to see that withdrawal of counsel will not result in foreseeable prejudice to the client.[12] If a court of appeals allows an attorney to withdraw, it must provide for the appointment of new

---

[7] *See* TEX. R. CIV. P. 10.

[8] TEX. R. APP. P. 6.5.

[9] 386 U.S. 738 (1967).

[10] *In re D.A.S.*, 973 S.W.2d 296, 297, 299 (Tex. 1998); *see also Kelly v. State*, 436 S.W.3d 313, 318–20 (Tex. Crim. App. 2014) (setting forth duties of counsel); *In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). In *D.A.S.*, the Court concluded that *Anders* procedures protect juveniles' statutory right to counsel on appeal in delinquency cases and so held that those procedures apply in juvenile cases. "*Anders* strikes an important balance between the criminal defendant's constitutional right to counsel on appeal and counsel's obligation not to prosecute frivolous appeals." *In re D.A.S.*, 973 S.W.2d at 297. The same is true for indigent parents in parental rights termination cases.

[11] In criminal appeals in Texas, there are two possible outcomes when an *Anders* brief is filed, both of which involve eventually granting the original appointed counsel's motion to withdraw. "Either the appellate court confirms that there are no non-frivolous grounds for appeal, thus extinguishing the appellant's constitutional right to appellate counsel, and grants the motion to withdraw, or the appellate court finds that there are plausible grounds for appeal, in which case the appellate court still grants the motion to withdraw, but remands the cause to the trial court for appointment of new appellate counsel." *Kelly*, 436 S.W.3d at 318 n.16 (citing *Meza v. State*, 206 S.W.3d 684, 689 (Tex. Crim. App. 2006)).

[12] *See Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986) (trial court allowed an attorney to withdraw two days before trial and refused to allow a continuance).

counsel to pursue a petition for review.[13] In this Court, appointed counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief.[14]

While an appellate court may be equipped to rule on a motion to withdraw in many instances, it may decide instead, as the court of appeals did in this case with a motion unrelated to any *Anders* claim, to refer the motion to the trial court for evidence and a hearing. An appellate court must ordinarily refer the matter of appointment of replacement counsel to the trial court.[15]

Here, the record indicates that counsel's motion to withdraw, and mother's motion for new counsel, were not based on mere dissatisfaction with each other. We conclude that the trial court in making its recommendation, and the court of appeals in accepting that recommendation, did not abuse their discretion by allowing counsel to withdraw. Accordingly, we grant counsel's motion to withdraw and mother's motion for appointment of counsel. We direct the trial court to appoint

---

[13] A court may abate the appeal to refer the case to the trial court for appointment of new counsel, a procedure that parallels the procedure required in criminal cases when new counsel is necessary. *See Kelly*, 436 S.W.3d at 318 n.16; *Stafford*, 813 S.W.2d at 511 ("the Court of Appeals then must abate the appeal and remand the case to the trial court with orders to appoint other counsel" to present ground for appeal).

[14] *Anders*, 386 U.S. at 744– 45; *see High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. 1978). In criminal appeals, the reviewing court must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford*, 813 S.W.2d at 511. Petitions for review ordinarily come to this Court without the underlying record, but often with an appendix incorporating numerous exhibits from the record. *See* Tex. R. App. P. 53.2(k). Counsel should provide record citations, and, in a proper case, may choose to ask that the record be forwarded from the court of appeals. *See* Tex. R. App. P. 54.1 ("With or without granting the petition for review, the Supreme Court may request that the record from the court of appeals be filed with the clerk of the Supreme Court.").

[15] In criminal cases, when new counsel is required, courts of appeals would abate the appeal and direct the trial court to appoint new counsel. *See Meza*, 206 S.W.3d at 688 (discussing the appropriateness of an abatement in a case involving both a motion to withdraw and a motion to substitute new counsel, "especially given [the Code of Criminal Procedure's] elaborate mechanism for making court appointments for indigent criminal defendants").

counsel to represent mother in this Court and to report the appointment to the Court within thirty days. The case remains abated until further order.

Opinion delivered: April 1, 2016