# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00122-CV

**A. N., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT
### NO. 269,273-B, HONORABLE JACK WELDON JONES, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal from a final decree, following a bench trial, terminating the parental rights of a mother, A.N., to her two children, G.N. and D.N. A.N.'s court-appointed counsel has filed a motion to withdraw and an *Anders* brief, concluding that the appeal is frivolous and without merit.[1] Counsel's brief meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating that there are no arguable grounds for appeal.[2] A.N. was provided with a copy of counsel's brief and was advised of her right to examine the appellate record and to file a pro se brief. No pro se brief has been filed.

---

[1] *See Anders v. California*, 386 U.S. 738, 744 (1967); *see also Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646-47 (Tex. App.—Austin 2005, pet. denied) (applying *Anders* procedure in appeal from termination of parental rights).

[2] *See Anders*, 386 U.S. at 744; *Taylor*, 160 S.W.3d at 646-47.

At the termination hearing, the district court heard evidence tending to show that in March 2014, G.N., a two-year-old child, was found alone on a street in Killeen by a local taxi-cab driver. According to Officer Christopher Ache of the Killeen Police Department, the taxi driver brought the child to the police station at approximately 4:00 a.m. Ache testified that he had been dispatched to the street where the child had been found, in an attempt to locate the child's home. Ache explained that he was looking for a house with "an open door or something like that," under the assumption that the child had walked out of an open front door. Instead, Ache recounted, he came across a house where a woman, later identified as the child's mother, A.N., was "passed out next to her front door on a porch." Ache testified that he "attempted to wake her up" but that she "wasn't responsive." Ache added, "There were signs of intoxication coming from her. I called for an ambulance to come check her out and tried to make contact with somebody at the residence." Ache subsequently made contact with a woman who identified herself as the child's grandmother. However, Ache testified, he was unable to return the child to the grandmother at that time because, according to Ache, "there were signs of intoxication coming from her as well." Ache then returned to the police station and contacted Child Protective Services (CPS), which initiated the investigation that led to these proceedings.

Other evidence considered by the district court included the testimony of A.N., who admitted that she was drunk and passed out on the night in question while G.N. was playing outside and who also admitted that she had smoked marihuana while she was pregnant with her other child, had missed several scheduled drug tests and therapy appointments while the CPS case was ongoing, and had failed to pay her court-ordered child support; Carlene Weaver, a licensed professional

2

counselor who had provided counseling services to A.N. and who testified that she believed A.N. "would need daily supervision with the children in order to be a parent" but that, if A.N. had such supervision and support from family members, A.N. would be able to act as a parent to the children; Christine Parsoneese, the children's foster mother who testified that she loved the children and wanted to adopt them; Janet Sanchez, a caseworker for the Department who had been assigned to the case and who testified that the children were bonded to Parsoneese and that, in her opinion, termination of A.N.'s parental rights was in the best interest of the children; Cathy Rojas, the guardian ad litem for the children, who similarly testified that termination of A.N.'s parental rights was in the best interest of the children; and K.N., A.N.'s sister, who testified that she would be willing to help raise the children, with the assistance of other family members.

At the conclusion of the hearing, the district court found by clear and convincing evidence that termination of A.N.'s parental rights was in the best interest of the children and that A.N. had: (1) knowingly placed or knowingly allowed the children to be placed or to remain in conditions or surroundings which endangered the physical or emotional well-being of the children; (2) engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangered the physical or emotional well-being of the child; and (3) failed to comply with the provisions of a court order that specifically established the actions necessary for her to obtain the return of the children.[3] The district court subsequently ordered A.N.'s parental rights terminated. This appeal followed.

---

[3] *See* Tex. Fam. Code § 161.001(1)(D), (E), (2).

3

We have reviewed the record and counsel's brief and agree that the appeal is frivolous and without merit. We find nothing in the record that might arguably support the appeal. We affirm the district court's termination decree. We deny counsel's motion to withdraw.[4]

_____

Bob Pemberton, Justice

Before Chief Justice Rose, Justices Pemberton and Bourland

Affirmed

Filed: August 17, 2016

---

[4] *See In re P.M.*, No. 15-0171, ___ S.W.3d ___, 2016 Tex. LEXIS 236, at *7-8 (Tex. Apr. 1, 2016). In *P.M.*, the Texas Supreme Court held that the right to counsel in suits seeking the termination of parental rights extends to "all proceedings in [the Texas Supreme Court], including the filing of a petition for review." *Id.* at *3. Accordingly, counsel's obligation to A.N. has not yet been discharged. *See id.* If A.N., after consulting with counsel, desires to file a petition for review, counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *Id.*