**Order filed August 31, 2016**



## In The

# Eleventh Court of Appeals

_____

## No. 11-16-00203-CV

_____

## IN THE INTEREST OF J.R. AND I.R., CHILDREN

**On Appeal from the 326th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 8126-CX**

### O R D E R

In this accelerated parental-termination appeal, the mother filed a pro se notice of appeal and an affidavit of indigence in the district clerk's office on July 25, 2016. The mother has filed in this court a motion for court-appointed counsel. We abate the appeal.

The record in this case indicates that the trial court determined that the mother was indigent and entitled to court-appointed counsel. Sometime after counsel was appointed, the trial court found that the mother had "discharged that attorney" and that the mother was "not entitled to a second court-appointed attorney." Consequently, the mother represented herself at trial.

Pursuant to TEX. R. APP. P. 20.1(a)(3), "a parent determined by the trial court to be indigent is presumed to remain indigent for the duration of the suit and any subsequent appeal." Moreover, the appointment of an attorney ad litem to represent an indigent parent is mandatory in a suit filed by a governmental entity seeking termination of the parent-child relationship. TEX. FAM. CODE ANN. § 107.013(a) (West ____). We note that the Texas Supreme Court has recently determined that the courts "have a duty to see that withdrawal of counsel will not result in foreseeable prejudice to the client" in a parental termination case. *In re P.M.*, No. 15-0171, 2016 WL 1274748, at *3 (Tex. Apr. 1, 2016). The court stressed the importance of counsel for the parents in such cases when it stated, "If a court of appeals allows an attorney to withdraw, it must provide for the appointment of new counsel to pursue a petition for review." *Id.* The court also indicated that this court should abate an appeal and refer the case to the trial court for the appointment of new counsel when new counsel is necessary. *Id.* at *3 n.13

Accordingly, we abate this appeal and direct the trial court to appoint counsel for the mother on or before September 12, 2016. Immediately thereafter, the district clerk shall file a supplemental clerk's record in this court containing any order entered by the trial court with respect to the appointment of counsel for the mother. At that time, the appeal will be reinstated. The mother's appellate brief will be due to be filed in this court twenty days after reinstatement.[1]

The appeal is abated.

August 31, 2016                                    PER CURIAM

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

---

[1]We note that this appeal is accelerated, and so far as reasonably possible, this court must ensure that the appeal is brought to final disposition within 180 days of the date the notice of appeal was filed. *See* TEX. R. APP. P. 28.4; TEX. R. JUD. ADMIN. 6.2(a).