**Order filed March 3, 2017**



In The

# Eleventh Court of Appeals

_____

## No. 11-17-00014-CV

_____

## IN THE INTEREST OF F.A., A CHILD

**On Appeal from the 42nd District Court**
**Callahan County, Texas**
**Trial Court Cause No. 20445**

## O R D E R

In this accelerated parental-termination appeal, the mother's court-appointed trial counsel filed in the trial court a notice of appeal and a motion to withdraw as counsel. The trial court granted trial counsel's motion to withdraw and appointed Derek C. Hampton to represent the mother on appeal. Hampton has filed in this court a motion to withdraw as counsel for the mother. We grant the motion and abate the appeal.

Hampton asserts in his motion to withdraw that good cause exists for his withdrawal. Upon reviewing the record in this case, Hampton discovered that he had a conflict of interest. He explains that he was originally appointed to represent

the mother's sister in a related case (Callahan County cause no. 20441: *In the interest of A.M.P., a child*).  Both Callahan County cases arose out of the same transaction and ran parallel to each other.  Hampton indicates that the mother and her sister "were not always aligned" and that the advice given by him as the attorney for the mother's sister may have had an effect of the outcome of the mother's case.

Hampton's motion to withdraw is well-taken and is therefore granted. Because the mother has been determined to be indigent and because the appointment of an attorney ad litem to represent an indigent parent is mandatory in a suit filed by a governmental entity seeking termination of the parent-child relationship, we abate the appeal and remand the cause to the trial court for the appointment of new counsel. *See* TEX. FAM. CODE ANN. § 107.013(a) (West 2014); *In re P.M.*, No. 15-0171, 2016 WL 1274748, at *3 & *3 n.13 (Tex. Apr. 1, 2016).

Accordingly, we abate this appeal and direct the trial court to appoint counsel for the mother on or before March 13, 2017.  Immediately thereafter, the district clerk shall file a supplemental clerk's record in this court containing any order entered by the trial court with respect to the appointment of counsel for the mother. At that time, the appeal will be reinstated.  The mother's appellate brief will be due to be filed in this court twenty days after reinstatement.[1]

The motion to withdraw is granted, and the appeal is abated.

PER CURIAM

March 3, 2017

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

---

[1]We note that this appeal is accelerated, and so far as reasonably possible, this court must ensure that the appeal is brought to final disposition within 180 days of the date the notice of appeal was filed. *See* TEX. R. APP. P. 28.4; TEX. R. JUD. ADMIN. 6.2(a).