# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00449-CV

### T. M. and M. H., Appellants

### v.

### Texas Department of Family and Protective Services, Appellee

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
### NO. D-1-FM-16-003216, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING

T.M. and M.H. appeal from the trial court's order terminating their parental rights to their minor children, C.M., M.M., E.M., and M.M. *See* Tex. Fam. Code § 161.001. After a bench trial, the trial court found by clear and convincing evidence that each parent's parental rights should be terminated because termination was in the children's best interest, *see id.* § 161.001(b)(2), and because each parent: (1) knowingly placed or knowingly allowed the children to remain in conditions or surroundings that endangered the physical or emotional well-being of the children, *see id.* § 161.001(b)(1)(D); (2) engaged in conduct or knowingly placed the children with persons who engaged in conduct that endangered the physical or emotional well-being of the children, *see id.* § 161.001(b)(1)(E); and (3) failed to comply with the terms of a court order that established the specific actions each parent had to take to achieve reunification with his or her children after their removal for abuse or neglect, *see id.* § 161.001(b)(1)(O).

On appeal, T.M.'s and M.H.'s court-appointed attorneys each filed a brief concluding that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744 (1967); *Taylor v. Texas*

*Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646–47 (Tex. App.—Austin 2005, pet. denied) (applying *Anders* procedure in appeal from termination of parental rights). The briefs meet the requirements of *Anders* by presenting professional evaluations of the record demonstrating why there are no arguable grounds to be advanced on appeal. T.M.'s and M.H.'s appellate attorneys have indicated that they provided their clients with a copy of the brief and have informed them of their right to file a pro se brief; have advised their clients of their right to review the appellate record; have explained to their clients the process for obtaining the appellate record; have provided the appellate record to their clients or have provided a Motion for Pro Se Access to the Appellate Record lacking only their signature and the date; and have provided their clients with this Court's address. *See Taylor*, 160 S.W.3d at 646–47 & n.4; *see also Kelly v. State*, 436 S.W.3d 313, 319–21 (Tex. Crim. App. 2014). Neither T.M. nor M.H. has filed a pro se brief.

Upon receiving an *Anders* brief, we must conduct a full examination of all of the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record, including the *Anders* briefs submitted on T.M.'s and M.H.'s behalf, and we have found nothing that would arguably support an appeal. We agree that the appeal is frivolous and without merit. Accordingly, we affirm the trial court's order terminating T.M.'s and M.H.'s parental rights. We deny counsels' motions to withdraw.[1]

---

[1] In *In re P.M.*, the Texas Supreme Court held that the right to counsel in suits seeking the termination of parental rights extends to "all proceedings in [the Texas Supreme Court], including the filing of a petition for review." *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam). Accordingly, counsels' obligations to T.M. and M.H. have not yet been discharged. *See id.* If T.M. or M.H., after consulting with counsel, desires to file a petition for review, counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *See id.* at 27–28.

_____

Scott K. Field, Justice

Before Justices Puryear, Field, and Bourland

Affirmed

Filed:   November 30, 2017