COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF CONTINUING ABATEMENT

Appellate case name:          In the Interest of T.C., a Child; and
                              In the Interest of T.L.C., a Child

Appellate case number:        01-17-00497-CV, and
                              01-17-00498-CV

Trial court case number:      2014-71072, and
                              2011-08360

Trial court:                  309th District Court of Harris County, or
                              246th District Court of Harris County

Appellant, C.C., filed a notice of appeal of the trial court's order terminating her parental rights to her minor child, T.C., and a notice of appeal of the trial court's order awarding father sole managing conservatorship and appellant possessory conservatorship of their minor child, T.L.C. On August 30, 2018, we affirmed the trial court's orders. *See In re T.LC.*, No. 01-17-00498-CV, 2018 WL 4139004 (Tex. App.—Houston [1st Dist.] Aug. 30, 2018, no pet. h.) (mem. op.); *In re T.C.*, No. 01-17-00497-CV, 2018 WL 4126600 (Tex. App.—Houston [1st Dist.] Aug. 30, 2018, no pet. h.) (mem. op.). Appellant and her court-appointed counsel, William Thursland, then filed an unopposed motion to abate the appeals to allow the trial court to determine whether he may withdraw as counsel for appellant and she may proceed pro se.

Appellant's right to counsel in these proceedings continues through all proceedings in the Supreme Court of Texas. *See* TEX. FAM. CODE ANN. §§ 107.013(a)(1), 107.016(3) (Vernon Supp. 2017); *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016). Once appointed by the trial court, counsel should be permitted to withdraw only for good cause and on appropriate terms and conditions. *In re P.M.*, 520 S.W.3d at 27. And, if a trial court permits a parent to proceed pro se, "the trial court must inform the parent of the dangers of self-representation." *In re R.H.*, No. 01-14-00874-CV, 2015 WL 4594557, at *7 (Tex. App.—Houston [1st Dist.] July 28, 2015, no pet.) (mem. op.) (citing *In re C.L.S.*, 403 S.W.3d 15, 19–22 (Tex. App.—Houston [1st Dist.] 2012, pet. denied)).

On September 13, 2018, we granted appellant's unopposed motion to abate the appeals and remanded the cases to the trial court. We directed the trial court to **immediately** hold a hearing to determine whether appellant's appointed counsel should be permitted to withdraw. We further directed the trial court that, if counsel was permitted to withdraw, to determine whether appellant may proceed pro se, after advising her of the dangers of self-representation, or to appoint new counsel to represent appellant in further proceedings. The trial court was to have a court reporter, or court recorder, record the hearing.

On September 27, 2018, we received from the trial court clerk supplemental clerk's records, containing a voluntary recusal orders, in which the trial court "recuse[d] its self from further participation in th[e] case[s]" and requested "the Presiding Judge of the Eleventh Administrative Region [to] assign a judge to preside over th[e] case[s]."

Accordingly, we direct the trial court, or the judge assigned to preside over the cases, to **immediately** hold a hearing, at which appellant, her appointed counsel, William Thursland, counsel for appellee, Department of Family and Protective Services, and attorney ad litem for the children, Samantha Davis, are present, to determine whether appellant's appointed counsel should be permitted to withdraw. If counsel is permitted to withdraw, the trial court, or the judge assigned, shall determine whether appellant may proceed pro se, after advising her of the dangers of self-representation, or shall appoint new counsel to represent appellant in further proceedings. The trial court, or the judge assigned, shall have a court reporter, or court recorder, record the hearing.

The trial court clerk shall file supplemental clerk's records containing any written findings of fact and conclusions of law regarding these issues, and orders permitting appointed counsel to withdraw, appointing new counsel, or allowing appellant to proceed pro se. And, the court reporter shall file reporter's records of the hearing. These records shall be filed with the Clerk of this Court **no later than 7 days from the date of this order**.

It is so ORDERED.

Judge's signature: /s/ Terry Jennings
                Acting for the Court

Panel consists of Justices Jennings, Keyes, and Higley

Date:  October 2, 2018