

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00453-CV

In the Interest of **R.C.H.**, a Child

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2017PA02163
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:    Karen Angelini, Justice
            Patricia O. Alvarez, Justice
            Luz Elena D. Chapa, Justice

Delivered and Filed:  October 10, 2018

AFFIRMED, MOTION TO WITHDRAW DENIED

Appellant H.H. appeals the trial court's order terminating his parental rights to his child, R.C.H. Appellant's court-appointed counsel filed a motion to withdraw and a brief containing a professional evaluation of the record and concluding there are no arguable grounds for reversal of the termination order. The brief satisfies the requirements of *Anders v. California*, 386 U.S. 738 (1967). *See re P.M.*, 520 S.W.3d 24, 27 n.10 (Tex. 2016) (recognizing that *Anders* procedures apply in parental termination cases). Additionally, counsel represents that he provided appellant with a copy of the brief and the motion, advised appellant of his right to review the record and file his own brief, and informed appellant how to obtain a copy of the record. We issued an order setting deadlines for appellant to request the record and file a pro se brief. The clerk of this court mailed copies of the order to appellant's last known address on two occasions, but the orders were

returned with the designation "not deliverable as addressed." Appellant did not request the record or file a pro se brief.

After reviewing the record and counsel's brief, we conclude no plausible grounds exist for reversal of the termination order. Therefore, we affirm the trial court's termination order. However, because counsel does not assert any ground for withdrawal other than his conclusion that the appeal is frivolous, we deny counsel's motion to withdraw. *See id.* at 27–28 (holding that counsel's obligations in parental termination cases extend through the exhaustion or waiver of all appeals, including the filing of a petition for review in the Texas Supreme Court).

Karen Angelini, Justice