

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00576-CV

In the **INTEREST OF C.J.J. JR.**, a Child

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2017PA01036
Honorable Richard Garcia, Judge Presiding

Opinion by: Luz Elena D. Chapa, Justice

Sitting: Rebeca C. Martinez, Justice
Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed: December 27, 2018

MOTION TO WITHDRAW DENIED; AFFIRMED

The Texas Department of Family and Protective Services filed this suit, seeking to terminate the parent-child relationship between C.J.J. Jr.[1] and his parents. After a trial to the bench, the court found five independent grounds[2] to terminate appellant C.J.'s parental rights and found that termination is in C.J.J. Jr.'s best interest. The trial court signed a termination order and designated the Department to be the child's permanent managing conservator. C.J. timely appealed the trial court's order.

---

[1] To protect the identity of the minor child, we refer to the parties by their initials. *See* TEX. FAM. CODE § 109.002(d); TEX. R. APP. P. 9.8.

[2] TEX. FAM. CODE § 161.001(b)(1)(D) (knowingly allowed child to remain in conditions that endangered his physical or emotional well-being); (E) (engaged in conduct that endangered child's physical or emotional well-being); (F) (failed to support child in accordance with his ability); (N) (constructively abandoned child); (O) (failed to comply with court ordered services); and (P) (used controlled substance and failed to completely address issue).

Appellant's court-appointed appellate attorney has filed a brief in which she concluded there are no non-frivolous issues to be raised on appeal. *See Anders v. California*, 386 U.S. 738 (1967); *In re P.M.*, 520 S.W.3d 24, 27 n.10 (Tex. 2016) (per curiam) (stating that *Anders* procedures protect indigent parents' statutory right to counsel on appeal in parental rights termination cases and apply in those cases). Counsel certified that she sent appellant a copy of the brief and a letter advising him of his rights to review the record and to file a *pro se* brief. Counsel also provided appellant a form to use to request access to the record. In addition, counsel filed a motion to withdraw.

Appellant did not request access to the appellate record, and this court issued an order setting a deadline for appellant to file a *pro se* brief and holding the motion to withdraw in abatement. Appellant has not filed a *pro se* brief.

We have thoroughly reviewed the record and the attorney's *Anders* brief. The record establishes by clear and convincing evidence at least one of the grounds for termination and that termination is in C.J.J. Jr.'s best interest. *See* TEX. FAM. CODE § 161.001; *In re J.O.A.*, 283 S.W.3d 336, 344-45 (Tex. 2009); *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). Upon a thorough review of the record, we conclude the evidence is legally and factually sufficient to support the termination order and there are no other arguably meritorious grounds for appeal. Therefore, we affirm the trial court's termination order.

Counsel filed a motion to withdraw in conjunction with her *Anders* brief. We deny the motion. *See In re P.M.*, 520 S.W.3d at 27. Counsel's duty to her client extends through the exhaustion or waiver of all appeals, including the filing of a petition for review in the Texas Supreme Court. *See* TEX. FAM. CODE § 107.016(3); *In re P.M.*, 520 S.W.3d at 27-28.

Luz Elena D. Chapa, Justice