**Order filed April 2, 2019**



In The

# Fourteenth Court of Appeals
_____

## NO. 14-19-00039-CV
_____

## IN THE INTEREST OF E.C.S., A.M.B., T.J.B., AND K.M.S., children

---

**On Appeal from the County Court at Law**
**Grimes County, Texas**
**Trial Court Cause No. 34,344-CCL**

---

## ORDER

This is an accelerated appeal from a final order of termination. Appellant's brief was originally due February 12, 2019. On February 13, 2019 this court ordered appellant's attorney, Michael Casaretto, to file the brief on or before February 25, 2019. On February 26, 2019, when no brief had been filed, this court ordered the trial court to hold a hearing to determine (1) the reason for the failure to file a brief, (2) whether appellant desired to continue the appeal, and (3) if appellant desired to continue the appeal a date certain when appellant's brief would be filed.

Appeals in parental termination cases and child protection cases are to be brought to final disposition within 180 days of the date the notice of appeal is filed. *See* Tex. R. Jud. Admin. 6.2(a). This accelerated schedule requires greater compliance with briefing deadlines.

On March 8, 2019, the trial court held a hearing at which appellant's counsel stated appellant wanted to pursue the appeal. As reason for failure to file the brief counsel claimed he received no communication from this court informing him when the brief was due. As to when a brief could be filed counsel claimed he could file a brief within three to four weeks.

On March 12, 2019, after the trial court's hearing, this court ordered appellant's appointed counsel, Michael Casaretto, to file appellant's brief no later than April 1, 2019. No brief has been filed.

On April 1, 2019, counsel filed a motion to withdraw as appellate counsel stating as his reason that he is not able to timely file an appellate brief. The right to counsel under section 107.013(a)(1) of the Family Code through the exhaustion of appeals under section 107.016(2)(B) includes all proceedings in the Texas Supreme Court, including the filing of a petition for review. *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016). Once appointed by the trial court, counsel should be permitted to withdraw only for good cause and on appropriate terms and conditions. *Id*. While an appellate court may be equipped to rule on a motion to withdraw in many instances, an appellate court must ordinarily refer the matter of appointment of replacement counsel to the trial court. *Id*. at 28.

Accordingly, we ORDER the judge of the Grimes County Court at Law to consider counsel's request to withdraw. If current counsel is permitted to withdraw, the judge shall appoint new appellate counsel for appellant. The judge shall see that a record of any hearing is made and shall order the trial clerk to forward a record of the hearing and a supplemental clerk's record containing any orders permitting counsel to withdraw and appointing new counsel. Those records shall be filed with the clerk of this court **within 15 days of the date of this order**.

PER CURIAM

Panel consists of Justices Wise, Zimmerer, and Spain.