

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

———————————————————

## No. 07-19-00174-CV

———————————————————

### IN THE INTEREST OF J.F., A CHILD

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2017-527,563; Honorable John J. "Trey" McClendon III, Presiding

June 13, 2019

## ORDER DIRECTING APPOINTMENT OF APPELLATE COUNSEL

### Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, B.T., appeals from the trial court's order terminating her parental rights to her son, J.F.[1]  B.T. was represented by appointed counsel at various times during the termination proceedings, but is currently without appellate counsel.

---

[1] To protect the privacy of the parties involved, we refer to them by their initials.  *See* TEX. FAM. CODE ANN. § 109.002(d) (West Supp. 2018).  *See also* TEX. R. APP. P. 9.8(b).  The father of J.F. signed an affidavit of voluntary relinquishment of his parental rights and did not appeal.

The termination proceedings began in October of 2017. On November 2, 2017, the trial court appointed Ms. Lezlie Olibas as B.T.'s trial counsel. Ms. Olibas subsequently moved to withdraw and to substitute Mr. Charles Chambers as retained counsel. The trial court granted the motion on March 14, 2018. On August 15, 2018, Mr. Chambers also moved to withdraw as counsel. The record does not contain an order permitting Mr. Chambers to withdraw, but B.T. appeared pro se at the termination proceedings before the associate judge. The associate judge signed an order of termination on October 24, 2018. That day, proceeding pro se, B.T. filed a request for de novo hearing. On February 27, 2019, the referring court signed an order finding B.T. indigent and appointing Mr. James Moore as counsel. Mr. Moore represented B.T. at the de novo hearing before the referring court on May 16, 2019.

Based on the evidence presented at the final hearing, the referring court signed an order terminating B.T.'s parental rights on May 21, 2019. The court found clear and convincing evidence that B.T. (1) knowingly placed or allowed the child to remain in conditions or surroundings which endangered his well-being, (2) engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangered his well-being, and (3) failed to comply with a court order that established the actions necessary for the parent to obtain the return of the child following his removal under chapter 262 of the Family Code. TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E), & (O) (West Supp. 2018). The trial court also found that termination of B.T.'s parental rights was in her child's best interest. § 161.001(b)(2). That day, Mr. Moore filed a notice of appeal and a motion to withdraw as counsel. In his motion to withdraw, Mr. Moore requested appointment of new appellate counsel for B.T. On June 3, 2019, the referring

2

court signed an order allowing Mr. Moore to withdraw, but to this date, B.T. remains without representation to pursue this appeal.

The natural right existing between parents and their children is of constitutional dimension. *See Santosky v. Kramer*, 455 U.S. 745, 758-59, 102 S. Ct. 1388, 71 L. Ed. 2d 599 (1982). *See also Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985). Recently, the Texas Supreme Court reiterated that "[o]ne of the most fundamental liberty interests recognized is the interest of parents in the care, custody, and control of their children." *In re N.G.*, No. 18-0508, 2019 Tex. LEXIS 465, at *6-7 (Tex. May 17, 2019) (per curiam) (citing *Troxel v. Granville*, 530 U.S. 57, 65, 120 S. Ct. 2054, 147 L. Ed. 2d 49 (2000)). A parent must be permitted to appeal the termination of parental rights, and due process requires that the appeal be meaningful. *In re N.G.*, 2019 Tex. LEXIS 465, at *8.

In a suit filed by a governmental entity to terminate the parent-child relationship, appointment of counsel for an indigent parent is mandatory. *See* TEX. FAM. CODE ANN. § 107.013(a)(1) (West 2019). When the trial court determines that a parent in a termination proceeding is indigent, a presumption of indigence is created for the duration of the suit and any subsequent appeals absent "a material and substantial change in the parent's financial circumstances." § 107.013(e). The Texas Supreme Court has recognized that the statutory right to counsel in a termination proceeding filed by a governmental entity applies to all proceedings, including the filing of a petition for review. *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam).

Accordingly, we direct the trial court to appoint B.T. appellate counsel to pursue this appeal. The name, address, e-mail address, telephone number, and state bar

number of newly-appointed counsel shall be provided to the clerk of this court in an order from the trial court. A supplemental clerk's record containing the trial court's order shall be filed with the clerk of this court on or before June 24, 2019.

B.T.'s appellate brief shall be due within twenty days after the order appointing counsel is signed.

It is so ordered.

Per Curiam