**Order filed June 13, 2019**



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00001-CV

_____

## IN THE INTEREST OF E.B. AND M.B., CHILDREN

**On Appeal from the 326th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 8773-CX**

### O R D E R

In this accelerated parental-termination appeal, Appellant (the mother of the children) filed an untimely pro se notice of appeal, and Appellant's retained trial counsel assisted Appellant by filing a notice of extension on Appellant's behalf. Retained trial counsel also filed a notice of nonrepresentation and explained that he had not been retained by Appellant to represent her in this appeal but that he had misinformed Appellant as to the due date for the notice of appeal. Appellant continued to represent herself in this appeal; she filed a docketing statement, two motions for extension of time to file her appellate brief, and a brief.

The assistant district attorney filed a letter in response to Appellant's brief, and the case became at issue. In his letter, the assistant district attorney pointed out deficiencies in Appellant's brief. He also noted that Appellant had not been found to be indigent but that the State would not object to an abatement to determine whether Appellant is indigent. Appellant has now filed a plea in abatement in which she asserts that she is indigent and requests a court-appointed attorney. We abate the appeal.

The Texas Supreme Court's opinion in *In re P.M.*, 520 S.W.3d 24 (Tex. 2016), reflects upon this court's duties in this appeal. The court in *P.M.* indicated that this court should abate an appeal and refer the case to the trial court for the appointment of new counsel when new counsel is necessary. 520 S.W.3d at 27 n.13. We believe that this appeal must be abated so that the trial court may determine whether Appellant is indigent, whether she desires to prosecute this appeal, and whether counsel should be appointed to represent her in this appeal.

Accordingly, we abate this appeal and remand the cause to the trial court so that it may determine whether Appellant is indigent and wishes to prosecute this appeal and so that the trial court may, if appropriate, appoint counsel to represent Appellant on appeal. The trial court is directed to conduct a hearing on or before June 28, 2019.[1] The district clerk is directed to immediately file a supplemental clerk's record in this court containing the trial court's findings and conclusions and any order entered by the trial court with respect to Appellant's indigence, her desire to pursue this appeal, and the appointment of counsel. Additionally, the court

---

[1]We note that this appeal is accelerated, and so far as reasonably possible, this court must ensure that the appeal is brought to final disposition by June 26, 2019, which is 180 days after the notice of appeal was filed in this case. *See* TEX. R. APP. P. 28.4; TEX. R. JUD. ADMIN. 6.2(a). Because of Appellant's late assertion of her indigence, we do not believe that it is reasonably possible to finally dispose of this case by June 26.

reporter is directed to immediately file a reporter's record from the hearing. When the supplemental records are filed, the appeal will be reinstated.

The appeal is abated.

PER CURIAM

June 13, 2019

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.