**Order entered July 9, 2019**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00679-CV

## IN THE INTEREST OF L.A., D.J.A., B.S.A., J.N.A., AND M.N.A., CHILDREN

**On Appeal from the 330th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-16-03637**

## ORDER

This accelerated appeal in a child protection case was filed by Mother, pro se. The clerk's record has been filed; the reporter's record is overdue.

The clerk's record reflects the trial court found Mother to be indigent and appointed trial counsel for her. The record further reflects trial counsel was "released" from this case when the final decree was signed. However, the record does not reflect Mother, who is presumed to remain indigent through any appeals absent changed circumstances, has been appointed appellate counsel. *See In re P.M.*, 520 S.W.3d 24, 26 (Tex. 2016) (citation omitted).

Accordingly, we **ORDER** the trial court to appoint counsel to represent Mother on appeal and to transmit to this Court, **no later than July 19, 2019**, a supplemental clerk's record containing the order appointing counsel.

We note the Attorney General sought affirmative relief in this case, requesting that current and retroactive support for the children be ordered. The final decree addresses current support, but does not specifically address retroactive support. Rather, in its finality phrase, the

decree provides that "all relief requested in this case and not expressly granted is denied[,] except as to any child support arrearages that the Texas Attorney General may seek in the future."

So that the Court may determine the threshold issue of jurisdiction, appellate counsel for Mother shall file, **no later than July 29, 2019**, a letter brief addressing whether the decree disposes of all parties and claims and is appealable in light of its finality phrase. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). To ensure a complete record is filed should the Court determine it has jurisdiction, counsel shall also state whether the reporter's record will be or has been requested.

Appellees may file any response to Mother's letter brief within ten days of its filing. If any party relies on information not included in the clerk's record, that party shall have filed a supplemental clerk's record containing that information.

The Court will notify the parties in writing if it has jurisdiction and set any appropriate deadlines for the filing of the reporter's record and the briefs on the merits. If the Court determines it does not have jurisdiction, the appeal will be dismissed without further notice. *See* TEX. R. APP. P. 42.3(a). The Court may also dismiss the appeal if Mother fails to file the requested letter brief. *See id.* 42.3(a),(c).

We **DIRECT** the Clerk of this Court to send a copy of this order to the Honorable Andrea D. Plumlee, Presiding Judge of the 330th Judicial District Court; Dallas County District Clerk Felicia Pitre; Francheska Duffey, Official Court Reporter for the 330th Judicial District Court; and, all parties.

We **ABATE** the appeal to allow the trial court an opportunity to comply with this order. It shall be reinstated no later than July 23, 2019.

/s/     KEN MOLBERG
          JUSTICE