# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-19-00479-CV

---

**J. T., Appellant**

v.

**Texas Department of Family and Protective Services, Appellee**

---

### FROM THE 126TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-FM-18-004017, THE HONORABLE DARLENE BYRNE, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

J.T. appeals from the trial court's decree terminating his parental rights to his child.[1]  *See* Tex. Fam. Code § 161.001.  Following a bench trial, the trial court found by clear and convincing evidence that statutory grounds for terminating his parental rights existed and that termination was in the child's best interest.  *See id.* § 161.001(b)(1)(D), (E), (N), (Q), (2).

On appeal, J.T.'s court-appointed attorney has filed a motion to withdraw and a brief concluding that the appeal is frivolous and without merit.[2]  *See Anders v. California*,

---

[1] We refer to appellant, who is the father of the child, by his initials only.  *See* Tex. Fam. Code § 109.002(d); Tex. R. App. P. 9.8.

[2] In his brief, appellant's counsel states that the trial court's findings as to the statutory grounds for termination of J.T.'s parental rights included a finding as to subsection (O) and addresses the sufficiency of the evidence to support that finding.  *See* Tex. Fam. Code § 161.001(b)(1)(O) (providing statutory ground to terminate parental rights based on parent's failure "to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child who has been in the permanent or

386 U.S. 738, 744 (1967); *Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646–47 (Tex. App.—Austin 2005, pet. denied) (applying *Anders* procedure in appeal from termination of parental rights). The brief meets the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced on appeal. *See* 386 U.S. at 744; *Taylor*, 160 S.W.3d at 646–47. Appellant's counsel has certified to this Court that he provided J.T. with a copy of the *Anders* brief and motion to withdraw as counsel and informed him of his right to examine the appellate record and to file a pro se brief. To date, J.T. has not filed a pro se brief. The Department of Family and Protective Services has filed a response to the *Anders* brief, stating that it will not file a response unless this Court requests one.

Upon receiving an *Anders* brief, we must conduct a full examination of the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record, including the *Anders* brief submitted on J.T.'s behalf, and have found nothing that would arguably support an appeal. We agree that the appeal is frivolous and without merit. Accordingly, we affirm the trial court's decree terminating J.T.'s parental rights. We deny counsel's motion to withdraw.[3]

---

temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months"). The final decree of termination, however, does not include a finding as to subsection (O) to support termination of J.T.'s parental rights.

[3] *See In re P.M.*, 520 S.W.3d 24 (Tex. 2016) (per curiam). In *In re P.M.*, the Texas Supreme Court held that the right to counsel in suits seeking the termination of parental rights extends to "all proceedings in [the Texas Supreme Court], including the filing of a petition for review." *Id.* at 27. Accordingly, counsel's obligation to J.T. has not yet been discharged. *See id.* If J.T., after consulting with counsel, desires to file a petition for review, counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *See id.* at 27–28.

 
                                                                              _____

                                                                      Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Kelly

Affirmed

Filed:   September 24, 2019