

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-20-00423-CV

**IN THE INTEREST OF D.R.J.**, a Minor Child

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2018PA01665
Honorable John D. Gabriel Jr., Judge Presiding

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:         Luz Elena D. Chapa, Justice
                Irene Rios, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: February 17, 2021

MOTION TO WITHDRAW DENIED; AFFIRMED

The Texas Department of Family and Protective Services filed this suit, seeking to terminate the rights of the parents of D.R.J.[1]  After a bench trial, the trial court terminated the rights of both parents and designated the Department to be the child's permanent managing conservator.  The trial court found three independent grounds[2] to terminate the parental rights of the mother, T.R., and found that termination of her rights is in D.R.J.'s best interest.  T.R. timely appealed the trial court's order.

---

[1] To protect the identity of the minor child, we refer to appellant and the child by their initials.  *See* TEX. FAM. CODE § 109.002(d); TEX. R. APP. P. 9.8.

[2] The court found termination of T.R.'s parental rights warranted under sections 161.001(b)(1)(D), (E), and (O).  *See* TEX. FAM. CODE § 161.001(b)(1).  The court also terminated the parental rights of D.R.J.'s father; however, he did not appeal the trial court's order.

Appellant's court-appointed appellate attorney filed a brief in which she concluded there are no non-frivolous issues to be raised on appeal. *See Anders v. California*, 386 U.S. 738 (1967); *In re P.M.*, 520 S.W.3d 24, 27 n.10 (Tex. 2016) (per curiam) (stating that *Anders* procedures protect indigent parents' statutory right to counsel on appeal in parental rights termination cases and apply in those cases). Counsel certified she sent T.R. a copy of the brief and a letter advising her of her rights to review the record and to file a *pro se* brief. Counsel also provided T.R. a form to use to request access to the record. In addition, counsel filed a motion to withdraw. Appellant did not request access to the appellate record, and this court then set a deadline for appellant to file a pro se brief. Appellant has not filed a pro se brief.

We have thoroughly reviewed the record and the attorney's *Anders* brief and we conclude there are no arguably meritorious grounds for appeal. Therefore, we affirm the trial court's termination order.

Counsel filed a motion to withdraw in conjunction with her *Anders* brief. We deny counsel's motion to withdraw because it does not assert any ground for withdrawal apart from counsel's conclusion the appeal is frivolous. *See In re P.M.*, 520 S.W.3d at 27; *In re A.M.*, 495 S.W.3d 573, 583 (Tex. App.—Houston [1st Dist.] 2016, pet. denied). Counsel's duty to her client extends through the exhaustion or waiver of all appeals, including the filing of a petition for review in the Texas Supreme Court. *See* TEX. FAM. CODE § 107.016(3); *In re P.M.*, 520 S.W.3d at 27-28 & n.14 ("Once appointed by the trial court, counsel should be permitted to withdraw only for good cause and on appropriate terms and conditions. Mere dissatisfaction of counsel or client with each other is not good cause. Nor is counsel's belief that the client has no grounds to seek further review from the court of appeals' decision.").

Luz Elena D. Chapa, Justice