

# Fourth Court of Appeals
## San Antonio, Texas

August 25, 2021

No. 04-21-00031-CV

**IN THE INTEREST OF C.C., A CHILD**

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2019-PA-01368
Honorable Martha Tanner, Judge Presiding

# O R D E R

This is an appeal of an order terminating appellant's parental rights. On July 28, 2021, we issued an opinion and judgment affirming the trial court's order, and on August 16, 2021, we denied appellant's pro se motion for rehearing. Accordingly, the current deadline for appellant to file a petition for review in the Supreme Court of Texas is September 30, 2021. *See* TEX. R. APP. P. 53.7 (petition for review is due within 45 days of "the date of the court of appeals' last ruling on all timely filed motions for rehearing or en banc reconsideration").

On August 19, 2021, appellant's appointed counsel filed a motion to withdraw. The only reason stated in counsel's motion is that appellant asked him to withdraw. While appellant's pro se motion for rehearing confirms she asked appointed counsel to withdraw, the only reason stated is that counsel "did not request oral argument" and "was negligent in communication with me," with no further details.

The Supreme Court of Texas has held that appointed counsel's duty to his client in a parental termination appeal is not complete until the filing of a petition for review in that court. *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016). "Once appointed by the trial court, counsel should be permitted to withdraw only for good cause . . . . Mere dissatisfaction of counsel or client with each other is not good cause." *Id.*

It appears from the limited information we have that counsel and appellant are merely dissatisfied with each other. Because appellant has a right to appointed counsel through the filing of a petition for review, allowing counsel to withdraw would require an abatement of this appeal and a remand to the trial court for appointment of new counsel. *See id.* at 27–28. However, because appellant's petition for review deadline is imminent, we conclude such an abatement would "result in foreseeable prejudice to the client." *See id.* at 27; *see also City of San Antonio v. Hartman*, 201 S.W.3d 667, 669–70 (Tex. 2006) (analyzing whether petition for review was timely filed so as to invoke supreme court's jurisdiction). We therefore **DENY** counsel's motion to withdraw.

It is so **ORDERED** on August 25, 2021.

**PER CURIAM**

ATTESTED TO: /s/ Michael A. Cruz
                     Michael A. Cruz,
                     Clerk of Court

