

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00657-CV

**IN THE INTEREST OF J.R.V. AND J.Y.V.**, Children

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2021-PA-01946
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                Luz Elena D. Chapa, Justice
                Beth Watkins, Justice

Delivered and Filed: March 22, 2023

AFFIRMED; MOTION TO WITHDRAW AND SUBSTITUTE COUNSEL DENIED

Appellant J.L.G. appeals the trial court's order terminating her parental rights to her children, J.R.V. and J.Y.V.[1]  The challenged order includes findings, by clear and convincing evidence, stating termination of J.L.G.'s parental rights is in the children's best interest and supported by three independent grounds listed in section 161.001(b)(1) of the Texas Family Code.[2] The trial court's order also designates the Texas Department of Family and Protective Services as the children's permanent managing conservator.  J.L.G. timely appealed the order.

---

[1] To protect the identity of the minor children, we refer to the parent and children by their initials.  *See* TEX. FAM. CODE § 109.002(d); TEX. R. APP. P. 9.8.

[2] TEX. FAM. CODE § 161.001(b)(1)(N) (constructively abandoned child); (O) (failed to comply with court ordered services); (P) (continued to abuse a controlled substance after completion of drug treatment program).

J.L.G.'s court-appointed appellate attorney filed an *Anders* brief containing a professional evaluation of the record and concluding there are no arguable issues to raise on appeal. *See Anders v. California*, 386 U.S. 738, 742–44 (1967); *In re P.M.*, 520 S.W.3d 24, 27 n.10 (Tex. 2016) (per curiam) (stating that *Anders* procedures protect indigent parents' statutory right to counsel on appeal in parental rights termination cases and apply in those cases). Counsel also filed a "Motion to Allow Withdrawal of Attorney of Record and Substitute Counsel for Purposes of Pursuing a Petition for Review with the Texas Supreme Court," explaining he sent a letter to J.L.G. enclosing copies of the brief and motion. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014); *In re A.L.H.*, No. 04-18-00153-CV, 2018 WL 3861695, at *2 (Tex. App.—San Antonio Aug. 15, 2018, no pet.) (mem. op.). The letter informed J.L.G. of her right to review the record and to file a pro se brief. The letter also advised J.L.G. if she wanted to review the record, she must file a motion in this court. Counsel further provided J.L.G. with a form to request access to the record. We issued an order setting a deadline for J.L.G. to file a pro se brief. J.L.G. did not request access to the record and did not file a pro se brief. After thoroughly reviewing the record and counsel's *Anders* brief, we conclude the brief satisfies the requirements of *Anders v. California*, and there are no arguable grounds for appeal. *See Anders*, 386 U.S. at 742-44 (1967); *P.M.*, 520 S.W.3d at 27. Therefore, we affirm the trial court's termination order.

In support of his motion to withdraw, counsel asserts the appeal is frivolous, and he has complied with the requirements for an *Anders* brief. He also requests the substitution of counsel, arguing due process suggests J.L.G. should be appointed a new lawyer because he has concluded her appeal is frivolous and will inevitably file an *Anders* petition for review with the Texas Supreme Court. After reviewing the motion, we conclude the stated basis for his request to withdraw does not rise to good cause, and his stated basis for substitution is premised on the same basis as his request to withdraw. Under *In re P.M.*, counsel's belief the appeal is frivolous without

more is not a basis for withdrawal. *See P.M.*, 520 S.W.3d at 27–28 (explaining "counsel's belief that the client has no grounds to seek further review" is not basis for withdrawal); *see also D.N. v. Tex. Dep't of Fam. & Protective Servs.*, No. 03-22-00601-CV, 2023 WL 402991, at *2 n.2 (Tex. App.—Austin Jan. 26, 2023, no pet.) (mem. op.) (denying counsel's motion to substitute counsel, which was "just a reformulation of his basis for withdrawal," in *Anders* parental termination). Counsel's duty to his client extends through the exhaustion or waiver of all appeals, including the filing of a petition for review in the Texas Supreme Court. *See* TEX. FAM. CODE § 107.016(2); *P.M.*, 520 S.W.3d at 26-28. We therefore deny counsel's motion. *See* TEX. FAM. CODE § 107.016(2); *P.M.*, 520 S.W.3d at 26-28.

Luz Elena D. Chapa, Justice