

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-23-01035-CV

**IN THE INTEREST OF S.A.R.P.** and J.M.R.P., Children

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2022-PA-02000
Honorable Raul Perales, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Patricia O. Alvarez, Justice
    Beth Watkins, Justice
    Liza A. Rodriguez, Justice

Delivered and Filed: May 15, 2024

AFFIRMED; MOTION TO WITHDRAW DENIED

Appellant Dad appeals the trial court's order terminating his parental rights to his children

S.A.R.P. and J.M.R.P.[1]  The case began when the Texas Department of Family and Protective

Services received a referral for negligent supervision of the children, and it sued to terminate the

parents' rights.[2]  After a bench trial, the court found that Dad's conduct met the statutory grounds

in section 161.001(b)(1)(E), (N), and (O), and that terminating Dad's parental rights was in the

children's best interests.  *See* TEX. FAM. CODE ANN. § 161.001(b)(1), (2).  Dad timely appealed,

and his court-appointed counsel filed an *Anders* brief.

---

[1] We use aliases to protect the children's identities.  *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8.
[2] Because Dad is the only appellant, we limit our recitation of the facts to those relevant to Dad and the children.

*ANDERS* **BRIEF**

Dad's court-appointed counsel filed a brief containing a professional evaluation of the record. Counsel concluded there was insufficient evidence to support the trial court's finding on ground (N), but because a single statutory ground—coupled with a best interest of the child finding—will support terminating a parent's rights, *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003), there are no arguable grounds to reverse the termination order. The brief satisfies the requirements of *Anders v. California*, 386 U.S. 738 (1967). *See In re P.M.*, 520 S.W.3d 24, 27 n.10 (Tex. 2016) (per curiam) (applying *Anders* procedures to parental rights termination cases).

Counsel also provided Dad with a copy of the *Anders* brief, her motion to withdraw, and a form to request a free copy of the appellate record. Counsel advised Dad of his right to review the record and file his own brief. As he requested, we sent Dad a paper copy of the appellate record. We also granted his request for more time to file his brief; we ordered him to file it no later than April 5, 2024. To date, Dad has not filed a pro se brief.

Having carefully reviewed the entire record and counsel's brief, we conclude (1) the evidence was legally and factually sufficient under a clear and convincing standard to support the trial court's findings on ground (E) and the best interests of the children, *see Anders*, 386 U.S. at 744; *In re J.S.G.*, 613 S.W.3d 560, 560 (Tex. App.—San Antonio 2020, no pet.), and (2) there are no other plausible grounds to reverse the termination order. *See In re J.S.G.*, 613 S.W.3d at 560.

We affirm the trial court's order.

**MOTION TO WITHDRAW DENIED**

In her motion to withdraw, court-appointed appellate counsel does not assert any ground for withdrawal other than her conclusion that the appeal is frivolous and without merit. Counsel's duty to Dad extends through the exhaustion or waiver of all appeals, including the filing of a petition for review in the Texas Supreme Court. *See In re P.M.*, 520 S.W.3d at 27, n.11; *see also*

Tex. Fam. Code Ann. § 107.016(2)(B); *In re A.M.*, 495 S.W.3d 573, 583 (Tex. App.—Houston [1st Dist.] 2016, pet. denied).  Counsel's motion to withdraw is denied.

Patricia O. Alvarez, Justice