

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00658-CV

**IN THE INTEREST OF P.M.T.**, et al., Children

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2017-PA-02080
Honorable Richard Garcia, Judge Presiding

Opinion by:  Irene Rios, Justice

Sitting:  Sandee Bryan Marion, Chief Justice
Luz Elena D. Chapa, Justice
Irene Rios, Justice

Delivered and Filed: January 30, 2019

MOTION TO WITHDRAW DENIED; AFFIRMED

Appellant Mother appeals the trial court's order terminating her parental rights to her

children, P.M.T., D.M.T., and Z.M.T.  The Texas Department of Family and Protective Services

("the Department") filed this suit, seeking termination of the parent-child relationship between the

children and Mother.[1]  After a bench trial, the court found five independent grounds[2] upon which

---

[1] To protect the identity of minor children in an appeal from an order terminating parental rights, we refer to the mother as "Mother" and the children by their initials.  *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8(b)(2).

[2] Specifically, the trial court found evidence Mother

> knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endanger the physical or emotional well-being of the children[;] … engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangers the physical or emotional well-being of the children,[;] … constructively abandoned the children[;] … failed to comply with the provisions of a court order[;] … [and] used a controlled substance … in a manner that endangered the health or safety of the child, and (1) failed to complete a court-ordered substance abuse treatment program[,] or (2) after completion of a court-ordered substance abuse treatment program continued to abuse a controlled substance … [.]

*See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E), (N), (O), (P).

to terminate Mother's rights and also found that termination was in the children's best interest. The trial court signed a termination order and designated the Department to be the children's permanent managing conservator. Mother timely appealed the trial court's order.

Appellant's court-appointed appellate attorney filed a brief in which he concluded there are no non-frivolous issues to be raised on appeal. *See Anders v. California*, 386 U.S. 738 (1967); *In re P.M.*, 520 S.W.3d 24, 27 n.10 (Tex. 2016) (stating that *Anders* procedures protect indigent parents' statutory right to counsel on appeal in parental rights termination cases and apply in those cases). Counsel certified that he sent Mother a copy of the brief and a letter advising her of her rights to review the record and to file a pro se brief. Counsel also provided Mother a form to use to request access to the record. In addition, counsel filed a motion to withdraw. This court issued an order which set deadlines for Mother to request access to the record and to file a pro se brief and abating counsel's motion to withdraw. Mother did not request access to the appellate record or file a pro se brief.

We have thoroughly reviewed the record and counsel's *Anders* brief. The record establishes by clear and convincing evidence at least one of the grounds for termination and that termination is in the children's best interest. *See* TEX. FAM. CODE § 161.001; *In re J.O.A.*, 283 S.W.3d 336, 344-45 (Tex. 2009); *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). Upon a thorough review of the record, we conclude the evidence is legally and factually sufficient to support the termination order and there are no other arguably meritorious grounds for appeal. Therefore, we affirm the trial court's termination order.

Counsel filed a motion to withdraw in conjunction with his *Anders* brief. We deny counsel's motion to withdraw because it does not assert any ground for withdrawal apart from counsel's conclusion that the appeal is frivolous. *See In re P.M.*, 520 S.W.3d at 27; *In re A.M.*, 495 S.W.3d 573, 583 (Tex. App.—Houston [1st Dist.] 2016, pet. denied). Counsel's duty to his

client extends through the exhaustion or waiver of all appeals, including the filing of a petition for review in the Texas Supreme Court. *See* TEX. FAM. CODE § 107.016(3); *In re P.M.*, 520 S.W.3d at 27. After this court has rendered its decision, appointed counsel's obligations to his client may be met by filing a petition for review that satisfies the standards for an *Anders* brief. *In re P.M.*, 520 S.W.3d at 27-28 & n.14.

Irene Rios, Justice