# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00735-CV

### A. C. R., Appellant

### v.

### Texas Department of Family and Protective Services, Appellee

### FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 340TH JUDICIAL DISTRICT
### NO. C170035CPS, HONORABLE GARY L. BANKS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A.C.R. appeals from the trial court's final judgment terminating her parental rights to her four children.[1] *See* Tex. Fam. Code § 161.001. Following a bench trial, the trial court entered judgment finding by clear and convincing evidence that four statutory grounds existed for terminating A.C.R.'s parental rights and that termination was in the best interest of the children. *See id.* § 161.001(b)(1)(D), (E), (O), (P), (2).

A.C.R.'s court-appointed counsel has since filed a motion to withdraw and a brief concluding that the appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 744 (1967) (stating that court-appointed counsel who concludes appeal is wholly frivolous should file motion to withdraw "accompanied by a brief referring to anything in the record that might

---

[1] We refer to appellant, who is the mother of the children, by her initials only. *See* Tex. Fam. Code § 109.002(d).

arguably support the appeal"); *In re P.M.*, 520 S.W.3d 24, 27 & n.10 (Tex. 2016) (per curiam) (approving use of *Anders* procedure in appeals from termination of parental rights). Counsel's brief meets the requirements of *Anders* by presenting a professional evaluation of the record demonstrating that there are no arguable grounds for reversal to be advanced on appeal. *See* 386 U.S. at 744; *Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646–47 (Tex. App.—Austin 2005, pet. denied) (applying *Anders* procedure in parental-rights termination case). A.C.R.'s counsel has certified to this Court that he provided A.C.R. with a copy of the *Anders* brief and motion to withdraw as counsel and a notice of her right to file a pro se brief. The Department filed a response to the *Anders* brief, indicating that it would not file a brief unless it deems a brief necessary after review of any pro se brief or if this Court requests a response. No pro se brief has been filed to date.

Upon receiving an *Anders* brief, we must conduct a full examination of all of the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). After reviewing the record and the *Anders* brief filed on A.C.R.'s behalf, we find nothing in the record that would arguably support an appeal. We agree with A.C.R.'s counsel that the appeal is frivolous and without merit. Accordingly, we affirm the order terminating A.C.R.'s parental rights. We deny counsel's motion to withdraw.[2]

---

[2] The Texas Supreme Court held in *In re P.M.* that the right to counsel in suits seeking the termination of parental rights extends to "all proceedings in [the Texas Supreme Court], including the filing of a petition for review." 520 S.W.3d 24, 27 (Tex. 2016) (per curiam). Accordingly, counsel's obligation to A.C.R. has not yet been discharged. *See id.* If A.C.R., after consulting with counsel, desires to file a petition for review, counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *Id.* at 27–28.

2

_____

                              Edward Smith, Justice

Before Chief Justice Rose, Justices Kelly and Smith

Affirmed

Filed:   March 7, 2019