

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00915-CV

**IN THE INTEREST OF I.A.A.,** a Child

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2018PA00196
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:      Luz Elena D. Chapa, Justice

Sitting:      Sandee Bryan Marion, Chief Justice
          Luz Elena D. Chapa, Justice
          Liza A. Rodriguez, Justice

Delivered and Filed: March 20, 2019

MOTION TO WITHDRAW DENIED; AFFIRMED

The Texas Department of Family and Protective Services filed this suit, seeking to terminate the parental rights of I.A.A.'s parents.[1]  After a bench trial, the court terminated the rights of both parents and designated the Department as the children's permanent managing conservator.  R.R., I.A.A.'s mother, timely appealed the trial court's order.

The trial court found termination of R.R.'s parental rights is in I.A.A.'s best interest. The court also found four independent grounds to terminate her rights: (1) she engaged in conduct that endangered the child; (2) she constructively abandoned the child; (3) she used controlled substances and failed to completely address the issue; and (4) she was the cause of the child being

---

[1] To protect the identity of the minor child, we refer to the parties by their initials.  *See* TEX. FAM. CODE § 109.002(d); TEX. R. APP. P. 9.8.

born addicted to an illegally obtained controlled substance. *See* TEX. FAM. CODE § 161.001(b)(1)(E), (N), (P), and (R).

R.R.'s court-appointed appellate attorney filed a brief in which he concluded there are no non-frivolous issues to be raised on appeal. *See Anders v. California*, 386 U.S. 738 (1967); *In re P.M.*, 520 S.W.3d 24, 27 n.10 (Tex. 2016) (per curiam) (stating that Anders procedures protect indigent parents' statutory right to counsel on appeal in parental rights termination cases and apply in those cases). Counsel certified he sent R.R. a copy of the brief and a letter advising her of her rights to review the record and to file a pro se brief. Counsel also provided R.R. a form to use to request access to the record. In addition, counsel filed a motion to withdraw and sent a copy of the motion to R.R.

Appellant did not request access to the appellate record, and this court set a deadline for appellant to file a pro se brief. Appellant has not filed a pro se brief, and the State has waived its right to file a brief.

We have thoroughly reviewed the record and the attorney's *Anders* brief. The record establishes by clear and convincing evidence at least one of the grounds for termination and that termination is in I.A.A.'s best interest. *See* TEX. FAM. CODE § 161.001; *In re J.O.A.*, 283 S.W.3d 336, 344-45 (Tex. 2009); *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). Upon a thorough review of the record, we conclude the evidence is legally and factually sufficient to support the termination order and there are no other arguably meritorious grounds for appeal. Therefore, we affirm the trial court's termination order.

Counsel filed a motion to withdraw in conjunction with his *Anders* brief. We deny counsel's motion to withdraw because it does not assert any ground for withdrawal apart from counsel's conclusion that the appeal is frivolous. *See In re P.M.*, 520 S.W.3d at 27; *In re A.M.*, 495 S.W.3d 573, 583 (Tex. App.—Houston [1st Dist.] 2016, pet. denied). Counsel's duty to his

client extends through the exhaustion or waiver of all appeals, including the filing of a petition for review in the Texas Supreme Court. *See* TEX. FAM. CODE § 107.016(3); *In re P.M.*, 520 S.W.3d at 27. "Once appointed by the trial court, counsel should be permitted to withdraw only for good cause and on appropriate terms and conditions. Mere dissatisfaction of counsel or client with each other is not good cause. Nor is counsel's belief that the client has no grounds to seek further review from the court of appeals' decision. . . . In [the Texas Supreme Court], appointed counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief." *In re P.M.*, 520 S.W.3d at 27-28 & n.14 (footnotes omitted).

Luz Elena D. Chapa, Justice