

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00217-CV

**IN THE INTEREST OF A.C.**, A.C. III, and S.P.A.C., Children

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2018PA00580
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:      Patricia O. Alvarez, Justice

Sitting:         Sandee Bryan Marion, Chief Justice
                 Patricia O. Alvarez, Justice
                 Liza A. Rodriguez, Justice

Delivered and Filed: July 31, 2019

AFFIRMED; MOTION TO WITHDRAW DENIED

Mom appeals the trial court's order terminating her parental rights to her children A.C., A.C. III, and S.P.A.C.[1]  For the reasons given below, we affirm the trial court's order.

In September 2017, the case was referred to the Department for Family Based Services after one of the children was found unconscious in the bathtub and Mom's statement was not consistent with the medical evidence.[2]  In March 2018, after Mom and Dad failed to pick up the children from daycare, the children were placed at the Children's Shelter.  The Department sought temporary conservatorship of the children, which the trial court granted.

---

[1] To protect the minors' identities, we refer to the mother and the children using aliases.  *See* TEX. R. APP. P. 9.8.
[2] Dad voluntarily relinquished his rights to the children.  Because Mom is the only appellant, we limit our recitation of the facts to those that pertain to Mom or the children.

At the trial on the merits on April 1, 2019, the trial court heard evidence that the Department reviewed Mom's service plan with Mom, Mom understood the plan, and Mom signed the plan. Mom was ordered to complete a psychological evaluation, individual counseling, a protective parenting course, a domestic violence course, a drug and alcohol assessment, random drug and alcohol testing, and drug and alcohol treatment. Mom did not complete her psychological evaluation or any of her other ordered services. Mom was authorized seventy visits with her children but attended only ten. She initially submitted to drug testing but then stopped. Mom was also ordered to show proof of safe, stable housing and stable employment, but she did not.

The Department case worker testified that the youngest child was deaf in one ear and had partial deafness in the other because Mom failed to take the child to doctor's appointments. Mom replied that the deafness was not due to any missed appointments.

When they came into care, all three children were globally delayed, but since they were placed with a foster family, two of the three children are thriving, and the third has made major improvements. The foster family loves the children and wants to adopt all three. Each child is bonded to their foster parents, but not to Mom.

The trial court found Mom's course of conduct met statutory grounds (D), (E), (N), (O), and (P), and terminating Mom's parental rights was in the children's best interests. It terminated Mom's parental rights to the three children. Mom appeals.

### ANDERS BRIEF

Mom's court-appointed counsel filed a motion to withdraw and a brief containing a professional evaluation of the record. The brief concludes there are no arguable grounds to reverse the termination order. The brief satisfies the requirements of *Anders v. California*, 386 U.S. 738 (1967). *See In re P.M.*, 520 S.W.3d 24, 27 n.10 (Tex. 2016) (per curiam) (applying *Anders* procedures to parental rights termination cases). Counsel also represents that he provided Mom

with a copy of the *Anders* brief, his motion to withdraw, and a form to request a free copy of the appellate record. He advised Mom of her right to review the record and file her own brief.

We ordered Mom to file her pro se brief, if any, not later than June 17, 2019. Mom did not request a copy of the record or file a pro se brief.

Having carefully reviewed the entire record and counsel's brief, we conclude the evidence was legally and factually sufficient to support the trial court's findings by clear and convincing evidence. We further conclude that there are no plausible grounds to reverse the termination order. We affirm the trial court's order.

## MOTION TO WITHDRAW

In his motion to withdraw, court-appointed appellate counsel does not assert any ground for withdrawal other than his conclusion that the appeal is frivolous. Counsel's duty to Mom is not yet complete; the motion to withdraw is denied. *See id.* at 27, n.11; *see also* TEX. FAM. CODE ANN. § 107.016(3); *In re A.M.*, 495 S.W.3d 573, 583 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) ("If the mother wishes to pursue an appeal to the Supreme Court of Texas, 'appointed counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief.'" (quoting *In re P.M.*, 520 S.W.3d at 27–28)).

Patricia O. Alvarez, Justice