

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-19-00501-CV

**IN THE INTEREST OF M.M.C.D-E.**, a Child

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2017-PA-01118
Honorable David A. Canales, Judge Presiding

Opinion by:     Patricia O. Alvarez, Justice

Sitting:         Patricia O. Alvarez, Justice
                 Beth Watkins, Justice
                 Liza A. Rodriguez, Justice

Delivered and Filed: December 27, 2019

AFFIRMED; MOTION TO WITHDRAW DENIED

Mom appeals the trial court's order terminating her parental rights to her child M.M.C.D-E.[1]  Her court-appointed counsel filed an *Anders* brief, and Mom did not file a pro se brief. Because there are no arguable grounds for review or reversible error, we affirm the trial court's order.

### BACKGROUND

In May 2017, the Department of Family and Protective Services petitioned for custody of M.M.C.D-E. based on an allegation that Mom had thrown M.M.C.D-E. across the room and Mom had, in the past, harmed herself.  The trial court gave temporary conservatorship to the Department, and the Department placed the child in a parental-child safety placement.  *See* TEX. FAM. CODE

---

[1] We refer to Appellant and the child using aliases.  *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8.

ANN. § 264.902 (Parental Child Safety Placement Agreement). Tragically, in the placement, the child suffered serious, life-threating, and permanently-life-altering injuries.

The trial court heard evidence of M.M.C.D-E.'s injuries, which include severe neurological impairments due to a traumatic brain injury. M.M.C.D-E. has severe developmental delay and recurring seizures. He has a VP shunt, a gastrostomy, a ventilator, and he requires constant care from a private-duty nurse to ensure he is fed properly and is able to breathe properly. He receives physical therapy, occupational therapy, and speech and language therapy weekly. He is under the care of an ear, nose, and throat specialist; a general surgeon; a neurologist; a neurosurgeon; an ophthalmologist; an orthopedist; and a sleep specialist.

The trial court also heard evidence of Mom's mental health from a psychiatrist and a psychologist, and her behaviors from Department investigators and case workers. The psychiatrist testified that Mom "displayed a lot of tangential thinking, . . . she can't stay on topic . . . [and her] thinking was at times quite disorganized." Mom has "generalized anxiety disorder, post-traumatic stress disorder, and attention-deficit/hyperactivity disorder." Mom has had "lifelong difficulties with concentration, impulsivity, interrupting people when they are speaking, [and] having difficulty following conversations when people are speaking to her."

The Department workers testified that Mom was moving M.M.C.D-E.'s hospital room equipment without permission, her behaviors disrupted M.M.C.D-E.'s medical appointments and she was no longer allowed to participate in them, she underreported her criminal history, she did not understand how to care for M.M.C.D-E., and she did not have the mental ability to remain focused, alert, and able to respond to M.M.C.D-E.'s life-sustaining needs.

Multiple witnesses testified to facts that support the conclusion that, because of Mom's mental illnesses and M.M.C.D-E.'s special needs, it would be difficult or impossible for Mom to meet M.M.C.D-E.'s needs. *See In re E.R.*, 555 S.W.3d 796, 809 (Tex. App.—Houston [14th Dist.]

2018, no pet.) ("The needier the child, the more able the parent must be." (quoting *In re A.L.M.*, 300 S.W.3d 914, 919 (Tex. App.—Texarkana 2009, no pet.))).

Several witnesses also testified that it would not be in the child's best interest for him to be placed in Mom's care. They noted M.M.C.D-E. is being well cared for in his foster placement, and the foster family is interested in adopting him.

The trial court found by clear and convincing evidence that Mom's mental conditions make her unable to provide for M.M.C.D-E.'s highly specialized needs, Mom's course of conduct met section 161.001(b)(1)(M)'s grounds, and terminating Mom's parental rights was in the child's best interest. It terminated Mom's parental rights to M.M.C.D-E. Mom appeals.

### *ANDERS* BRIEF

Mom's court-appointed counsel filed a motion to withdraw and a brief containing a professional evaluation of the record. The very thorough brief recites the relevant facts and procedural background, including brief summaries of the hearings, the status reports, and trial court rulings. The brief summarizes witnesses' testimony which includes abundant evidence supporting the trial court's findings. The brief concludes there are no arguable grounds to reverse the termination order. The brief satisfies the requirements of *Anders v. California*, 386 U.S. 738 (1967). *See In re P.M.*, 520 S.W.3d 24, 27 n.10 (Tex. 2016) (per curiam) (applying *Anders* procedures to parental rights termination cases). The record shows counsel provided Mom with a copy of the *Anders* brief, the motion to withdraw, and a form to request a free copy of the appellate record. Counsel advised Mom of her right to review the record and file her own brief.

We ordered Mom to file her pro se brief, if any, not later than November 20, 2019. Mom did not request a copy of the record or file a pro se brief.

Having carefully reviewed the record and counsel's brief, we conclude the evidence was legally and factually sufficient to support the trial court's findings by clear and convincing

evidence. We further conclude that there are no plausible grounds to reverse the termination order. We affirm the trial court's order.

## MOTION TO WITHDRAW

In her motion to withdraw, court-appointed appellate counsel cites two reasons for her motion. First, Mom's appeal is frivolous and without merit, and second, "counsel has been unable to communicate with her client consistent with an effective attorney client relationship." Given the circumstances of this case, counsel's stated bases—without more—do not rise to "good cause." *See* TEX. FAM. CODE ANN. § 107.016(3); TEX. R. CIV. P. 10; *In re P.M.*, 520 S.W.3d at 27. Counsel's duty to Mom is not yet complete; the motion to withdraw is denied. *See In re P.M.*, 520 S.W.3d at 27, n.11; *In re A.M.*, 495 S.W.3d 573, 583 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) ("If the mother wishes to pursue an appeal to the Supreme Court of Texas, 'appointed counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief.'" (quoting *In re P.M.*, 520 S.W.3d at 27–28)).

Patricia O. Alvarez, Justice