# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-19-00558-CV

---

### L. R., Appellant

### v.

### Texas Department of Family and Protective Services, Appellee

---

### FROM THE COUNTY COURT AT LAW NO. 1 OF WILLIAMSON COUNTY
### NO. 17-0132-CPSC1, THE HONORABLE BRANDY HALLFORD, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Louise appeals a final judgment terminating her parental rights to a child.[1] Following a jury trial, the trial court entered judgment finding by clear and convincing evidence that multiple statutory grounds support terminating her parental rights and that termination is in the best interest of the child. *See* Tex. Fam. Code § 161.001(b)(1)(D), (E), (O). Louise filed timely appeal.

Louise's court-appointed counsel has filed a motion to withdraw accompanied by a brief alleging that the appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 744 (1967) (stating that court-appointed counsel who believes appeal is wholly frivolous should file motion to withdraw "accompanied by a brief referring to anything in the

---

[1] *See* Tex. Fam. Code § 161.001. We refer to appellant by a pseudonym. *See id.* § 109.002(d).

record that might arguably support the appeal"); *In re P.M.*, 520 S.W.3d 24, 27 & n.10 (Tex. 2016) (per curiam) (approving use of *Anders* procedure in appeals from termination of parental rights). Counsel's brief meets the requirements of *Anders* by presenting a professional evaluation of the record demonstrating that there are no arguable grounds for reversal to be advanced on appeal. *See* 386 U.S. at 744; *Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646–47 (Tex. App.—Austin 2005, pet. denied) (applying *Anders* procedure in parental-rights termination case). Counsel has certified to this Court that he provided Louise with a copy of the *Anders* brief and motion to withdraw as counsel and a notice of her right to file a pro se brief. Appellee in this case, The Department of Family and Protective Services, filed a response indicating that it will not file a brief unless this Court requests one or the Department itself deems a brief necessary following Louise's filing of a brief. Louise has not filed a brief to date.

Upon receipt of an *Anders* brief, we must conduct a full examination of the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). After reviewing the record and the briefing, we find nothing that would arguably support a meritorious appeal. We thus agree with counsel that this appeal is frivolous and without merit. We nevertheless deny counsel's motion to withdraw. In *P.M.*, the Supreme Court of Texas explained that a parent's right to counsel in termination suits extends to "all proceedings in [the Supreme Court of Texas], including the filing of a petition for review." *See* 520 S.W.3d at 27. Accordingly, counsel's obligation to Louise has not yet been discharged. *See id.* If Louise, after consulting with counsel, desires to file a petition for review, counsel should timely file with the high court "a petition for review that satisfies the standards for an *Anders* brief." *See id.* at 27–28.

For the reasons stated herein, we affirm the order terminating Louise's parental rights and deny counsel's motion to withdraw.

                                        _____

                                        Edward Smith, Justice

Before Chief Justice Rose, Justices Triana and Smith

Affirmed

Filed:   December 31, 2019