

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00712-CV

**IN THE INTEREST OF Z.M.**, a Child

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2018-PA-01197
Honorable Antonia Arteaga, Judge Presiding

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Luz Elena D. Chapa, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: February 5, 2020

MOTION TO WITHDRAW DENIED; AFFIRMED

The Texas Department of Family and Protective Services filed this suit, seeking to terminate the rights of the parents of the child Z.M.[1] After a bench trial, the court terminated the rights of the children's parents and designated the Department to be the children's permanent managing conservator. The court found three independent grounds[2] to terminate the rights of the mother, A.M., and found that termination is in Z.M.'s best interest. The trial court signed a termination order and designated the Department to be the child's permanent managing conservator. A.M. timely appealed the trial court's order.

---

[1] To protect the identity of the minor child, we refer to the parties by their initials. *See* TEX. FAM. CODE § 109.002(d); TEX. R. APP. P. 9.8.

[2] TEX. FAM. CODE § 161.001(b)(1)(N) (constructively abandoned child); (O) (failed to comply with court ordered services); and (P) (used controlled substance and failed to completely address issue).

A.M.'s court-appointed appellate attorney filed a brief in which she concluded there are no non-frivolous issues to be raised on appeal. *See Anders v. California*, 386 U.S. 738 (1967); *In re P.M.*, 520 S.W.3d 24, 27 n.10 (Tex. 2016) (per curiam) (stating that *Anders* procedures protect indigent parents' statutory right to counsel on appeal in parental rights termination cases and apply in those cases). Counsel sent A.M. a copy of the brief and a letter advising her of her rights to review the record and to file a *pro se* brief. Counsel also sent A.M. a form to use to request access to the record. In addition, counsel filed a motion to withdraw.

A.M. did not request access to the appellate record, and this court issued an order setting a deadline for A.M. to file a pro se brief and held the motion to withdraw as counsel in abeyance. A.M. has not filed a pro se brief.

We have thoroughly reviewed the record and the attorney's *Anders* brief. The record establishes by clear and convincing evidence at least one of the grounds for termination and that termination of A.M.'s parental rights is in Z.M.'s best interest. *See* TEX. FAM. CODE § 161.001; *In re J.O.A.*, 283 S.W.3d 336, 344-45 (Tex. 2009); *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). Upon a thorough review of the record, we conclude the evidence is legally and factually sufficient to support the termination order and there are no other arguably meritorious grounds for appeal. Therefore, we affirm the trial court's termination order.

Counsel filed a motion to withdraw in conjunction with her *Anders* brief. We deny the motion. *See In re P.M.*, 520 S.W.3d at 27; *In re A.M.*, 495 S.W.3d 573, 583 (Tex. App.—Houston [1st Dist.] 2016, pet. denied). Counsel's duty to her client extends through the exhaustion or waiver of all appeals, including the filing of a petition for review in the Texas Supreme Court. *See* TEX. FAM. CODE § 107.016(3); *In re P.M.*, 520 S.W.3d at 27.

Luz Elena D. Chapa, Justice