# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

NO. 03-19-00962-CV

---

**M. W., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

---

**FROM THE 146TH DISTRICT COURT OF BELL COUNTY**
**NO. 303,756-B, THE HONORABLE JACK WELDON JONES, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

M.W. appeals from the trial court's final decree terminating her parental rights to her children.[1] *See* Tex. Fam. Code § 161.001. The trial court found by clear and convincing evidence that a statutory ground for terminating her parental rights existed and that termination was in the children's best interest. *See id.* § 161.001(b)(1)(E), (2).

On appeal, appellant's court-appointed attorney has filed a motion to withdraw and a brief concluding that the appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 744 (1967); *Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646–47 (Tex. App.—Austin 2005, pet. denied) (applying *Anders* procedure in appeal from termination of parental rights). The brief meets the requirements of

---

[1] We refer to appellant by her initials only. *See* Tex. Fam. Code § 109.002(d); Tex. R. App. P. 9.8.

*Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced on appeal. *See* 386 U.S. at 744; *Taylor*, 160 S.W.3d at 646–47. Appellant's counsel provided appellant a copy of the *Anders* brief and informed her of her right to examine the appellate record and to file a pro se brief. To date, appellant has not filed a pro se brief.

Upon receiving an *Anders* brief, we must conduct a full examination of the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record, including the *Anders* brief submitted on appellant's behalf, and have found nothing that would arguably support an appeal. We agree that the appeal is frivolous and without merit. Accordingly, we affirm the trial court's decree terminating appellant's parental rights. We deny counsel's motion to withdraw.[2]

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Kelly, and Smith

Affirmed

Filed: February 25, 2020

_____

[2] *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam). If appellant, after consulting with counsel, desires to file a petition for review, counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *See id.* at 27–28.