

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-19-00697-CV

**IN THE INTEREST OF V.R.S.**, J.S.T., and R.L.T., Children

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2018PA01769
Honorable John D. Gabriel Jr., Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:        Patricia O. Alvarez, Justice
                Irene Rios, Justice
                Beth Watkins, Justice

Delivered and Filed: February 26, 2020

AFFIRMED; MOTION TO WITHDRAW DENIED

Appellant Mom appeals the trial court's order terminating her parental rights to her children

V.R.S., J.S.T., and R.L.T.[1]  For the reasons given below, we affirm the trial court's order.

The trial court heard the following testimony.  In response to Mom's illegal drug use and

family violence, the Department put Mom on a family-based services safety plan.  Mom completed

some services, but she failed to complete her psychological evaluation.  After she completed the

Mommies program, which included drug abuse and relapse prevention courses, she continued to

test positive for drugs—including while she was pregnant.  After her two-year-old child was found

outside, wandering alone, the Department removed the children.  Mom's family service plan

---

[1] We use aliases to protect the children's identities.  *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8. Because Mom is the only appellant, we limit our recitation of the facts to those relevant to Mom and the children.

focused on her drug treatment, family violence, and mental health issues. During her case, Mom was selling and using Xanax, and when R.L.T. was born, he tested positive for marijuana. At the time of trial, Mom was again pregnant and still testing positive for drugs.

The children are bonded to their placement families. The children are thriving, and their placement families want to adopt them.

The trial court found Mom's course of conduct met grounds (O) and (P) for all three children, grounds (D) and (E) for the two older children, and terminating Mom's rights was in the children's best interests. It terminated Mom's parental rights to the children. Mom appeals.

### *ANDERS* BRIEF

Mom's court-appointed counsel filed a motion to withdraw and a brief containing a professional evaluation of the record. The brief concludes there are no arguable grounds to reverse the termination order. The brief satisfies the requirements of *Anders v. California*, 386 U.S. 738 (1967). *See In re P.M.*, 520 S.W.3d 24, 27 n.10 (Tex. 2016) (per curiam) (applying *Anders* procedures to parental rights termination cases). Counsel also represents that he provided Mom with a copy of the *Anders* brief, his motion to withdraw, and a form to request a free copy of the appellate record. He advised Mom of her right to review the record and file her own brief.

We ordered Mom to file her pro se brief, if any, not later than January 16, 2020. Mom did not request a copy of the record or file a pro se brief.

Having carefully reviewed the entire record and counsel's brief, we conclude the evidence was legally and factually sufficient to support the trial court's findings by clear and convincing evidence. We further conclude that there are no plausible grounds to reverse the termination order.

We affirm the trial court's order.

**MOTION TO WITHDRAW**

In his motion to withdraw, court-appointed appellate counsel does not assert any ground for withdrawal other than his conclusion that the appeal is frivolous. Counsel's duty to Mom is not yet complete; the motion to withdraw is denied. *See id.* at 27, n.11; *see also* TEX. FAM. CODE ANN. § 107.016(3); *In Interest of A.M.*, 495 S.W.3d 573, 583 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) ("If the mother wishes to pursue an appeal to the Supreme Court of Texas, 'appointed counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief.'" (quoting *In re P.M.*, 520 S.W.3d at 27–28)).

Patricia O. Alvarez, Justice