# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-21-00542-CV

---

**A. M., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

---

**FROM THE 425TH JUDICIAL DISTRICT COURT OF WILLIAMSON COUNTY**
**NO. 20-0002-CPS425, THE HONORABLE BETSY F. LAMBETH, JUDGE PRESIDING**

---

### M E M O R A N D U M   O P I N I O N

A.M. appeals a final order terminating her parental rights to her son, who was six years old at the time of trial. Following a jury trial, the district court rendered judgment finding by clear and convincing evidence that multiple statutory grounds support terminating Mother's parental rights and that termination is in the best interest of the child. *See* Tex. Fam. Code § 161.001(b)(1)(D), (E), (O), (P), (b)(2). The district court also found by clear and convincing evidence that Mother has a mental or emotional illness that will render her unable to meet her child's needs until his eighteenth birthday and that termination is in her child's best interest. *See id.* § 161.003. Mother filed timely appeal.

Mother's court-appointed counsel has filed a motion to withdraw accompanied by a brief concluding that any appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 744 (1967) (stating that court-appointed counsel who believes appeal is wholly

frivolous should file motion to withdraw "accompanied by a brief referring to anything in the record that might arguably support the appeal"); *In re P.M.*, 520 S.W.3d 24, 27 & n.10 (Tex. 2016) (per curiam) (approving use of *Anders* procedure in appeals from termination of parental rights). Counsel's brief meets the requirements of *Anders* by presenting a professional evaluation of the record demonstrating that there are no arguable grounds for reversal to be advanced on appeal. *See* 386 U.S. at 744; *Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646–47 (Tex. App.—Austin 2005, pet. denied) (applying *Anders* procedure in parental-rights termination case). Counsel has certified to this Court that he provided Mother with a copy of the *Anders* brief and motion to withdraw as counsel and a notice of her right to file a pro se brief. Mother filed a pro se response.[1]

Upon receipt of an *Anders* brief, we must conduct a full examination of the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). After reviewing the record, counsel's brief, and Mother's response, we find nothing that would arguably support a meritorious appeal. We thus agree with counsel that this appeal is frivolous and without merit.

We nevertheless deny counsel's motion to withdraw. In *P.M.*, the Supreme Court of Texas explained that a parent's right to counsel in termination suits extends to "all proceedings in [the Supreme Court of Texas], including the filing of a petition for review." *See* 520 S.W.3d at 27. Accordingly, counsel's obligation to Mother has not yet been discharged. *See id.* If Mother, after consulting with counsel, desires to file a petition for review, counsel should

---

[1] This Court sent Mother a copy of the record, but it was returned as "unclaimed." Mother does not argue in her brief that she was denied access to the record.

timely file with the high court "a petition for review that satisfies the standards for an *Anders* brief." *See id.* at 27–28.

For the reasons stated herein, we affirm the order terminating Mother's parental rights and deny counsel's motion to withdraw.

_____

Edward Smith, Justice

Before Chief Justice Byrne, Justices Baker and Smith

Affirmed

Filed:   April 6, 2022