

## Fourth Court of Appeals

### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-22-00018-CV

**IN THE INTEREST OF T.D.** and C.R., Children

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2020PA01440
Honorable Elma T. Salinas Ender, Judge Presiding

Opinion by:     Rebeca C. Martinez, Chief Justice

Sitting:          Rebeca C. Martinez, Chief Justice
                  Irene Rios, Justice
                  Beth Watkins, Justice

Delivered and Filed: April 13, 2022

AFFIRMED; MOTION TO WITHDRAW DENIED

Appellant T.S. ("Mother") appeals from the trial court's order terminating her parental

rights to her child C.R. and appointing Mother possessory conservator of her child T.D.  Mother's

court-appointed appellate counsel filed a motion to withdraw and a brief containing a professional

evaluation of the record, concluding there are no arguable grounds for reversal of the order.  The

brief satisfies the requirements of *Anders v. California*, 386 U.S. 738 (1967).  *See In re P.M.*, 520

S.W.3d 24, 27 n.10 (Tex. 2016) (per curiam) (recognizing that *Anders* procedures apply in parental

termination cases).  Additionally, counsel represents that he provided Mother with a copy of the

brief and the motion to withdraw, advised Mother of her right to review the record and file her

own brief, and informed Mother how to obtain a copy of the record, providing her with a form

motion for access to the appellate record.  We issued an order setting a deadline for Mother to file a pro se brief.  However, Mother did not request the appellate record or file a pro se brief.

After reviewing the appellate record and appointed counsel's brief, we conclude no plausible grounds exist for reversal of the termination order.  Accordingly, we affirm the trial court's termination order.  We deny counsel's motion to withdraw because it does not show good cause for withdrawal.  *See id.* at 27 & n.7 (holding that counsel's obligations in a parental termination case extend through exhaustion or waiver of all appeals and that withdrawal should be permitted by a court of appeals "only for good cause" (citing TEX. R. CIV. P. 10)).

Rebeca C. Martinez, Chief Justice