

# Fourth Court of Appeals
## San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-21-00476-CV

**IN THE INTEREST OF A.R.M.**, a Child

From the 454th Judicial District Court, Medina County, Texas
Trial Court No. 19-11-26159-CV
Honorable Dennis Powell, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:    Rebeca C. Martinez, Chief Justice
Irene Rios, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: April 27, 2022

AFFIRMED; MOTION TO WITHDRAW DENIED

Appellant Father appeals the trial court's order terminating his parental rights to A.R.M.[1]

The Texas Department of Family and Protective Services ("the Department") filed this suit, seeking termination of the parent-child relationship between the child and Father. After a jury trial, the jury unanimously found four independent grounds[2] to terminate Father's parental rights and found that termination of his rights is in A.R.M.'s best interest. The trial court entered an order terminating Father's rights and Father timely appealed the trial court's order.

---

[1] To protect the identity of a minor child in an appeal from an order terminating parental rights, we refer to the father as "Father" and the child by its initials. *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8(b)(2).

[2] The trial court found termination of Father's parental rights warranted under sections 161.001(b)(1)(D), (E), (N), and (O). *See* TEX. FAM. CODE ANN § 161.001(b)(1)(D), (E), (N), (O).

Father's court-appointed appellate attorney filed a brief in which he concluded there are no meritorious issues to be raised on appeal. *See Anders v. California*, 386 U.S. 738 (1967); *In re P.M.*, 520 S.W.3d 24, 27 n.10 (Tex. 2016) (per curiam) (stating *Anders* procedures protect indigent parents' statutory right to counsel on appeal in parental rights termination cases and apply in those cases). Counsel certified he sent Father a copy of the brief and a letter advising him of his rights to review the record and to file a pro se brief. Counsel also provided Father a form to use to request access to the record. In addition, counsel filed a motion to withdraw. This court issued an order which set deadlines for Father to request access to the record and to file a pro se brief and abating counsel's motion to withdraw. Father did not request access to the appellate record or file a pro se brief.

We have thoroughly reviewed the record and counsel's *Anders* brief. The record establishes by clear and convincing evidence the grounds for termination and that termination is in the child's best interest. *See* TEX. FAM. CODE ANN. § 161.001; *In re J.O.A.*, 283 S.W.3d 336, 344–45 (Tex. 2009); *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). Upon a thorough review of the record, we conclude the evidence is legally and factually sufficient to support the termination order and there are no other arguably meritorious grounds for appeal. Therefore, we affirm the trial court's termination order.

Counsel filed a motion to withdraw in conjunction with his *Anders* brief. We deny counsel's motion to withdraw because it does not assert any ground for withdrawal apart from counsel's conclusion that the appeal is frivolous. *See In re P.M.*, 520 S.W.3d at 27; *In re A.M.*, 495 S.W.3d 573, 583 (Tex. App.—Houston [1st Dist.] 2016, pet. denied). Counsel's duty to his client extends through the exhaustion or waiver of all appeals, including the filing of a petition for review in the Texas Supreme Court. *See* TEX. FAM. CODE ANN. § 107.016(2); *In re P.M.*, 520 S.W.3d at 27. After this court has rendered its decision, appointed counsel's obligations to

his client may be met by filing a petition for review that satisfies the standards for an *Anders* brief. *In re P.M.*, 520 S.W.3d at 27–28, 28 n.14.

Irene Rios, Justice