

In The
# Court of Appeals
## Seventh District of Texas at Amarillo

No. 07-22-00170-CV

IN THE INTEREST OF J.P., A CHILD

On Appeal from the County Court at Law No. 1
Randall County, Texas,
Trial Court No. 71747-L1, Honorable James Anderson, Presiding

October 24, 2022

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

The trial court terminated S.R.'s parental rights to her child, J.P. (10 years old)[1] pursuant to section 161.001(K) of the Texas Family Code.[2] During the final hearing on June 6, 2022, S.R. executed an *Affidavit of Voluntary Relinquishment of Parental Rights*. The *Affidavit* was executed after she conferenced with her counsel and states she "fully

---

[1] To protect the child's privacy, we refer to the parents and child by their initials. *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8(a)(b). The parental rights of her father, J.P., were also terminated, but he did not appeal.

[2] Section 161.001 states that the court may order termination of the parent-child relationship if the court finds by clear and convincing evidence that the parent has "executed before or after the suit is filed an unrevoked or irrevocable affidavit of relinquishment of parental rights as provided by this chapter." TEX. FAM. CODE ANN. § 161.001(b)(1)(K).

understand[s] that [the] affidavit, once signed, is irrevocable." She also testified in open court to her voluntary and knowing execution of the *Affidavit* during the final hearing.

S.R. filed an appeal from the trial court's judgment and her appointed counsel has filed a motion to withdraw, together with an *Anders*[3] brief in support thereof. In the latter, counsel certifies that he diligently searched the record and concluded that the appeal was without merit. In a letter to S.R., appellate counsel informed her of her right to file a pro se response and provided a copy of the appellate record. The Court also notified S.R. of her right to file her own response if she wished to do so. To date, no response was received.

In compliance with the principles enunciated in *Anders*, appellate counsel discussed areas of appeal including the sufficiency of the evidence to support termination and the trial court's finding that termination of the parent-child relationship was in the child's best interest. We too independently reviewed the appellate record in search of arguable issues for appeal. *See In re E.J.H.*, No. 07-22-00074-CV, 2022 Tex. App. LEXIS 4465, at *3 (Tex. App.—Amarillo June 29, 2022, no pet.). None were found.

Accordingly, the trial court's judgment is affirmed.[4]

Lawrence M. Doss
Justice

---

[3] *Anders v. California*, 386, U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

[4] We take no action on counsel's motion to withdraw from representation but call counsel's attention to the continuing duty of representation through the exhaustion of proceedings, which may include filing a petition for review in the Supreme Court of Texas. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam).