

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-23-00038-CV

## IN THE INTEREST OF K.G., A CHILD

_____

**From the 12th District Court**
**Madison County, Texas**
**Trial Court No. 21-17168**

## MEMORANDUM OPINION

C.G. appeals from the trial court's order terminating his parental rights to K.G. After hearing all the evidence, the trial court found by clear and convincing evidence that C.G. (1) knowingly placed or allowed the child to remain in conditions or surroundings which endangered the child, (2) engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangered the child, and (3) failed to comply with the provisions of a court order that established the actions necessary for C.G. to obtain the return of the child. TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E), (O). The trial court further found by clear and convincing evidence that termination was in the best

interest of the child.  TEX. FAM. CODE ANN. § 161.001(b)(2).  We affirm the trial court's order terminating C.G.'s parental rights.

C.G.'s counsel filed a brief pursuant to *Anders v. California* asserting that he has conducted a review of the record and found no meritorious grounds for appeal.  *See Anders v. California*, 386 U.S. 738 (1967).  The procedures set forth in *Anders v. California* are applicable to appeals of orders terminating parental rights.  *See In re P.M.*, 520 S.W.3d 24, 27 & n.10 (Tex. 2016) (per curiam).

The brief meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced on appeal.  Additionally, C.G.'s counsel advised him that he had filed the brief pursuant to *Anders* and that C.G. had the right to review the record and file a pro se response on his own behalf.  This court advised C.G. of his right to review the record and gave him time to file a response.  We received no pro se response.

Due process requires application of the clear and convincing standard of proof in cases involving involuntary termination of parental rights.  *In re J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002).  Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established.  *See* TEX. FAM. CODE ANN. § 101.007; *In re C.H.*, 89 S.W.3d 17, 25-26 (Tex. 2002).

The Texas Family Code permits a court to order termination of parental rights if the petitioner establishes one or more acts or omissions enumerated under subsection (1) of the statute and also proves that termination of the parent-child relationship is in the best interest of the child. *See* TEX. FAM. CODE ANN. § 161.001(b)(1), (2). We agree with counsel's evaluation that there is clear and convincing evidence to support termination under Section 161.001(b)(1).

Notwithstanding the sufficiency of the evidence to support termination under Section 161.001(b)(1), we must also find clear and convincing evidence that termination of the parent-child relationship was in the child's best interest. *See id*. § 161.001(b)(2). Evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *See In re C.H.*, 89 S.W.3d at 28. There is a long-standing non-exhaustive list of factors for a court to consider in deciding the best interest of a child in a termination case. *See Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976). We agree with counsel's evaluation that there is clear and convincing evidence for the trial court to have determined that termination of C.G.'s parental rights was in the best interest of K.G.

Upon receiving a "frivolous appeal" brief, this Court must conduct a full examination of all proceedings to determine whether the case is wholly frivolous. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988). After our review of the entire record and counsel's brief, we agree with counsel that there are no plausible grounds for appeal, and the

In the Interest of K.G., a Child v. Page 3

appeal is frivolous and without merit. Accordingly, we affirm the trial court's order terminating C.G.'s parental rights.

                                    STEVE SMITH
                                    Justice

Before Chief Justice Gray
        Justice Johnson
        Justice Smith
Affirmed
Opinion delivered and filed June 28, 2023
[CV06]

