

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-23-00667-CV

**IN THE INTEREST OF Z.J.** and N.J., Children

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2022-PA-00579
Honorable Raul Perales, Judge Presiding

Opinion by:     Beth Watkins, Justice

Sitting:        Luz Elena D. Chapa, Justice
                Beth Watkins, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: December 20, 2023

AFFIRMED; MOTION TO WITHDRAW DENIED

Appellant R.C. appeals the trial court's June 21, 2023 order terminating his parental rights to his son, N.J., and appointing him possessory conservator of his daughter, Z.J. His court-appointed appellate counsel filed a motion to withdraw and a brief containing a professional evaluation of the record, concluding there are no arguable grounds for reversal of the trial court's order. The brief satisfies the requirements of *Anders v. California*, 386 U.S. 738 (1967). *See In re P.M.*, 520 S.W.3d 24, 27 n.10 (Tex. 2016) (per curiam) (recognizing that *Anders* procedures apply in parental termination cases). Additionally, counsel represents that he provided R.C. with a copy of the brief and the motion to withdraw, advised R.C. of his right to review the record and file his own brief, and informed R.C. how to obtain a copy of the record, providing him with a form motion

for access to the appellate record. On September 27, 2023, we granted R.C.'s request for a copy of the appellate record, and on November 7, 2023, R.C. filed a pro se brief.

After reviewing the appellate record, appointed counsel's *Anders* brief, and R.C.'s pro se brief, we conclude no plausible grounds exist for reversal of the trial court's order. Accordingly, we affirm the trial court's order. We deny counsel's motion to withdraw because it does not show good cause for withdrawal. *See id.* at 27 & n.7 (holding that counsel's obligations in a parental termination case extend through exhaustion or waiver of all appeals and that withdrawal should be permitted by a court of appeals "only for good cause" (citing TEX. R. CIV. P. 10)).

Beth Watkins, Justice