

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00875-CV

**IN THE INTEREST OF K.Z.S.**, a Child

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2022-PA-01424
Honorable Raul Perales, Judge Presiding

Opinion by:      Luz Elena D. Chapa, Justice

Sitting:      Luz Elena D. Chapa, Justice
         Irene Rios, Justice
         Lori I. Valenzuela, Justice

Delivered and Filed: March 27, 2024

AFFIRMED; MOTION TO WITHDRAW DENIED

Appellant A.W.C. appeals the trial court's order terminating her parental rights to her child K.Z.S.[1] The challenged order includes findings, by clear and convincing evidence, stating termination of A.W.C.'s parental rights is in K.Z.S.'s best interest and supported by three independent grounds listed in section 161.001(b)(1) of the Texas Family Code.[2] The trial court's order also designates the Texas Department of Family and Protective Services as the child's permanent managing conservator. A.W.C. timely appealed the order.

---

[1] To protect the identity of the minor child, we refer to the parent and child by their initials. *See* TEX. FAM. CODE § 109.002(d); TEX. R. APP. P. 9.8.

[2] TEX. FAM. CODE §§ 161.001(b)(1)(D) (knowingly placed or allowed child to remain in conditions endangering child's physical or emotional well-being); (O) (failed to comply with court-ordered services); (P) (continued to abuse a controlled substance after completion of drug treatment program).

A.W.C.'s court-appointed appellate attorney filed an *Anders* brief containing a professional evaluation of the record and concluding there are no arguable issues to be raised on appeal. *See Anders v. California*, 386 U.S. 738, 742-44 (1967); *In re P.M.*, 520 S.W.3d 24, 27 n.10 (Tex. 2016) (per curiam) (stating *Anders* procedures protect indigent parents' statutory right to counsel on appeal in parental rights termination cases and apply in those cases). Counsel also filed a motion to withdraw explaining she sent a letter to A.W.C. enclosing copies of the brief and motion to withdraw. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014); *In re A.L.H.*, No. 04-18-00153-CV, 2018 WL 3861695, at *2 (Tex. App.—San Antonio Aug. 15, 2018, no pet.) (mem. op.). The letter informed A.W.C. of her right to review the record and to file a pro se brief. The letter also advised A.W.C. if she wanted to review the record, she must file a motion in this court. Counsel further provided A.W.C. with a form to request access to the record. We issued an order setting a deadline for A.W.C. to file a pro se brief. The State subsequently filed a waiver of its right to file a brief. A.W.C. did not request access to the record, but she did file a pro se brief. After thoroughly reviewing the record, counsel's *Anders* brief, and A.W.C.'s pro se brief, we conclude the *Anders* brief satisfies the requirements of *Anders v. California* and there are no arguable grounds for appeal. *See Anders*, 386 U.S. at 742-44 (1967); *In re P.M.*, 520 S.W.3d at 27. Accordingly, we affirm the trial court's termination order.

In support of her motion to withdraw, counsel asserts the appeal is frivolous and she has complied with the requirements for an *Anders* brief. After reviewing the motion, we conclude the stated bases do not rise to good cause for withdrawal. Counsel's duty to her client extends through the exhaustion or waiver of all appeals, including the filing of a petition for review in the Texas Supreme Court. *See* TEX. FAM. CODE § 107.016(2); *In re P.M.*, 520 S.W.3d at 26-28. We therefore deny the motion to withdraw. *See* TEX. FAM. CODE § 107.016(2); *P.M.*, 520 S.W.3d at 26-28.

Luz Elena D. Chapa, Justice