

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| IN THE INTEREST OF | § | No. 08-25-00092-CV |
| S.G. AND R.G., | § | Appeal from the |
| CHILDREN. | § | 65th District Court |
| | § | of El Paso County, Texas |
| | § | (TC# 2023DCM3039) |
| | § | |
| | § | |

## **MEMORANDUM OPINION**

Appellant J.G.[1] appeals from the trial court's judgment terminating her parental rights to her children, S.G. and R.G., in a termination suit brought by the Department of Family and Protective Services. After a bench trial, the trial court found termination was in the best interest of the children and that Mother "constructively abandoned the children" pursuant to § 161.001(b)(1)(N) and "used a controlled substance . . . in a manner that endangered the health or safety of the child[ren]" pursuant to § 161 .001(b)(1)(P) of the Texas Family Code. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(N), (P). The trial court further ordered the appointment of

---

[1] We use the parties' initials to protect their privacy. *See* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8(b).

the Department as permanent managing conservator of the children. Mother filed a notice of appeal, and the trial court appointed counsel to prosecute the appeal on her behalf.[2]

Mother's appointed appellate counsel filed an *Anders* brief asserting there are no non-frivolous issues to assert on appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re P.M.*, 520 S.W.3d 24, 27 n.10 (Tex. 2016) (per curiam) (recognizing that *Anders* procedures apply in parental termination cases). The brief meets the *Anders* requirements by presenting a professional evaluation of the record and demonstrating why no arguable grounds may be advanced on appeal. *See Anders*, 386 U.S. at 744–75. Mother's counsel also provided Mother a copy of the *Anders* brief; informed Mother of her right to file a pro se response; advised Mother of her right to access the appellate record and provided her with a form motion for effectuating that purpose; and informed Mother of her pro se right to seek discretionary review of our opinion should we declare the appeal frivolous.[3] Mother has not filed a response and the Department filed a waiver of response.

As a reviewing court, we must conduct our own independent review of the entire record to determine whether arguable grounds exist for reversal of the parental termination order. *Int. of C.A.S.*, No. 08-22-00027-CV, 2022 WL 1793919, at *1 (Tex. App.—El Paso June 2, 2022, no pet.) (mem. op.). Our examination should consider the record, briefs, and any pro se response. *In re L.B.*, No. 02-19-00407-CV, 2020 WL 1809505, at *1 (Tex. App.—Fort Worth Apr. 9, 2020, no pet.) (mem. op.). After our own thorough and independent review of the entire record, including

---

[2] The trial court also terminated the parent-child relationship between R.A. (Father), and S.G., the child. Father is not a party to this appeal. The trial court also made a finding that R.G.'s biological father, J.H., was deceased.

[3] This is a requirement that appointed attorneys must fulfill in criminal appeals. *See* Tex. R. App. P. 48.4; *Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). However, appointed appellate attorneys in termination appeals have no such obligation because their representation does not end in our court. *See Interest of A.Y.V.*, No. 08-24-00324-CV, 2024 WL 5161885, at *2 (Tex. App.—El Paso Dec. 18, 2024, pet. denied) (mem. op.).

reviewing the trial court's findings under subsections (N) and (P), we find no arguable grounds for reversal with respect to those findings. Accordingly, we affirm the trial court's order terminating Mother's parental rights.

Mother's counsel also filed a motion to withdraw. Because there is a longstanding right to court-appointed counsel in parental termination cases, and the right extends through exhaustion or waiver of "all appeals," we deny the motion. Tex. Fam. Code Ann. § 107.016(2)(B); *In Int. of P.M.*, 520 S.W.3d at 26 ("[W]e hold that the right to counsel under Section 107.013(a)(1) through the exhaustion of appeals under Section 107.016(2)(B) includes all proceedings in this Court, including the filing of a petition for review.").

For these reasons, we affirm the trial court's judgment and deny counsel's motion to withdraw.

GINA M. PALAFOX, Justice

July 8, 2025

Before Salas Mendoza, C.J., Palafox and Soto, JJ.